Vania Thalia **HORNSBY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–00–00809–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 13, 2001.

---

David S. Barron, Bryan, for Appellant.

James Kuboviak, William D. Ballad, Asst. County Atty., Bryan, for State.

Panel consists of Justices COHEN, HEDGES, and TAFT.

## OPINION

MURRY B. COHEN, Justice.

A jury convicted appellant of telephone harassment, and the trial judge assessed punishment at 20 days in jail and a $1,200 fine. We affirm.

In her sole point of error, appellant contends the trial judge erred by denying her a free reporter's record on appeal. *See* Tex.R.App. P. 20.2.[1] We follow the usual standard of review, abuse of discretion, for reviewing determinations of indigency. *Newman v. State,* 937 S.W.2d 1, 3 (Tex.Crim.App.1996). Unless the State produces evidence to the contrary, a defendant is entitled to a free record upon a prima facie showing of indigence. *Id.; Snoke v. State,* 780 S.W.2d 210, 213–14 (Tex.Crim.App.1989).

At the indigency hearing and upon direct examination by her trial counsel, appellant testified and presented evidence that she (1) is unmarried, has one child, owns no car, makes about $1,200–$1,300 per month, and lives "paycheck to paycheck"; (2) could not afford appellate counsel; and (3) could not purchase the $2,000 reporter's record including voir dire examination, which the court reporter later testified would cost about $1,200 without voir dire examination. Appellant's attorney stated that, in order to save expense, appellant would not request that voir dire

---

1. Rule 20.2 requires that one requesting a free appellate record file an affidavit. Tex. R.App. P. 20.2. The clerk's record contains an unsworn "affidavit," which was mentioned, but not admitted in evidence at the indigency hearing. It lists appellant's monthly income and expenses. Because both parties on appeal rely on that document, we will consider it.

be transcribed. On cross-examination by the State, appellant testified that she (1) had maintained steady employment; (2) lives in an apartment; (3) was denied a loan about two months earlier; (4) owns her own furniture; (5) had hired and completely paid her trial attorney; (6) had bought furniture and clothes and had paid debts with the $4,100 income tax refund she received in February 2000, which was about two months before her trial ended and about four months before her motion for new trial was denied; and (7) had asked two or three attorneys, whose names she could not remember, to advance her money and to handle her appeal, but they had refused. Appellant further testified that (1) her trial counsel had charged $1,500, which she paid out over time, and (2) she had only $20 in her bank account.

In a letter announcing his decision, the trial judge found that appellant was not indigent because appellant (1) had retained and fully paid trial counsel; (2) was steadily employed; (3) had made bond; (4) had received in February 2000, which was two months before the indigency hearing, a $4,100 income tax refund; and (5) could not name counsel she had contacted concerning the appeal. The judge later denied appellant's motion.

The trial judge's first reason, that appellant had fully paid her trial counsel, is not persuasive because it occurred long before appellant requested a free reporter's record. Appellant had retained counsel at least as early as February 1998, a date 26 months before her indigency hearing. Her ability to retain counsel in February 1998 is not probative of her indigency in April 2000, the date of the hear-

ing. The trial judge must determine appellant's financial status at the time of the appeal, not her financial status at an earlier time, and appellant cannot be deprived of a free reporter's record solely because she had retained counsel at trial. *Abdnor v. State*, 712 S.W.2d 136, 142 (Tex.Crim. App.1986). The third reason, that appellant made bond, is not persuasive. Like her retention of counsel, that occurred nearly two years before trial, and bond was set at only $300. The fourth reason is not persuasive because the $4,100 income tax refund related to appellant's financial status in February 2000, when she received it. She was not convicted until April. She testified without contradiction that the refund money had been spent well before then. *See id.* The fifth reason was that appellant could not name attorneys that she had contacted to represent her on appeal, but appellant has subsequently retained counsel for her appeal, and she is not now complaining of the trial court's refusal to appoint counsel on appeal. Therefore, that reason is not relevant to the issue now before us, whether appellant should get a free reporter's record.

We nevertheless conclude that the judge did not abuse his discretion. Appellant's unsworn "affidavit" lists a weekly wage of $300 $325. Because there are more than four weeks in the average month, that would extrapolate to a monthly wage of $1305 $1414.[2] The affidavit also lists income as "$1300/month," with monthly expenses of $1097. Thus, the judge could have concluded appellant had at least $200 per month, and possibly $300 per month, available after expenses to use to pay for the record. Appellant did not state that

**2.** $300 per 5 day week is $60 per day. $325 per 5 day week is $65 per day. The average month has 21.75 work days, *i.e.,* days other than Saturday and Sunday. Thus, a weekly wage of $300, or $60 per day, constitutes an average monthly wage of $60 × 21.75 days = $1305. A weekly wage of $325, or $65 per day, constitutes an average monthly wage of $1414.

she had ever requested a payment schedule from the court reporter, an option that may have allowed her to pay for the record.

Based on the record, we cannot conclude that the judge acted irrationally or without regard for any legal principles. *Newman*, 937 S.W.2d at 3. Thus, he did not abuse his discretion.

We overrule appellant's point of error.

We affirm the judgment.