**Muhannad Ali RAMADAN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 01–02–00039–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 17, 2002.

Publication Ordered Nov. 27, 2002.

---

George McCall Secrest, Jr., Bennett & Secrest, L.L.P., Houston, for Appellant.

Shirley Cornelius, Asst. Dist. Atty., Houston, for Appellee.

Panel consists of Justices NUCHIA, JENNINGS, and RADACK.

## ORDER OF ABATEMENT

PER CURIAM.

A jury found appellant, Muhannad Ali Ramadan, guilty of attempted murder and

sentenced him to 20 years confinement. In a preliminary issue, appellant contends the trial court abused its discretion in denying his application for the record on appeal at the State's expense. We abate the appeal and order the trial court to provide a reporter's record to appellant for purposes of his appeal.

## Procedural Background

Appellant filed timely notice of appeal, a designation of record on appeal, and an application for a record on appeal at state expense. The trial court conducted an indigency hearing on appellant's application. Appellant testified that he desired to appeal his conviction and sentence and that he was indigent and without funds, income, or assets to pay for the record on appeal. After hearing testimony and argument, the trial court denied appellant's request.

## Indigency

In a criminal case, an indigent appellant may, by motion and affidavit, request the trial court to furnish an appellate record without charge. TEX.R.APP. P. 20.2. If, after hearing an appellant's motion, the court finds the appellant cannot pay or give security for the record, the court must order the reporter to furnish the record to the appellant. *Id.*

We review a determination of indigency under an abuse of discretion standard. *Hornsby v. State,* 65 S.W.3d 801, 802 (Tex.App.-Houston [1st Dist.] 2001, no pet.). Unless the State offers evidence which refutes a defendant's claim, the defendant is entitled to a free record upon a prima facie showing of indigency. *Id.* The defendant bears the initial burden to substantiate his sworn allegation of indigency. *Snoke v. State,* 780 S.W.2d 210, 213 (Tex. Crim.App.1989). Once the defendant meets his burden of production, the bur-

den shifts to the State to produce evidence that the defendant is not in fact indigent. *Id.*

Indigency determinations are made on a case-by-case basis, and it is clear that any attempt by a court to set rigid standards will not be accepted. *Rosales v. State,* 748 S.W.2d 451, 455 (Tex. Crim.App.1987). The trial court must determine appellant's financial status at the time of appeal, not at the time of trial. *Id.* Unless legally bound to pay, outside sources such as parents or relatives may not be considered by the trial court in the determination of indigency. *Abdnor v. State,* 712 S.W.2d 136, 142 (Tex.Crim.App. 1986). Further, an appellant may not be deprived of a free record simply because the appellant was represented by retained counsel at trial. *Id.*

Here, appellant exercised due diligence by timely filing his affidavit of indigency requesting his appellate record at State expense. An indigency hearing was held, and appellant offered testimony upon direct and cross-examination. Appellant testified that he possessed no income or assets. Specifically, he stated he had no real estate, stocks, bonds, bank accounts, investments, personal, or community property. Appellant further testified that his common-law wife owned a car that was her separate property and she earned a minimum wage while raising two children.

The State offered no evidence at the hearing to contradict or rebut any of appellant's testimony concerning his indigency. It was also undisputed that his appellate counsel was retained by relatives, and counsel was not paid or retained by appellant.

The State concedes the merits of appellant's point of error. However, the State argues that an estimate of cost for the record may be required under *Abdnor,* and

an attempt should be made to enter into a payment plan with the court reporter. We disagree. Texas law does not require an estimate of costs to be made by an appellant, nor does it prohibit an appellate record because of the cost. *See* TEX.R.APP. P. 20.1, 20.2. Moreover, under the present circumstances, it is unnecessary to establish a payment plan because the record reveals that appellant is completely indigent.

## Conclusion

We hold the trial court abused its discretion in denying appellant's application for a record on appeal at state expense. We set aside the trial court's order denying the application, abate the appeal, and order the trial court to provide appellant with the complete record of the entire trial proceedings with all expenses borne by the State.

It is so **ORDERED.**