Opinion issued August 9, 2007

 






In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00322-CR






RANDY DARNELL EASILY, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 184th District Court

Harris County, Texas

Trial Court Cause No. 1006382






O P I N I O N

 The first trial of appellant, Randy Darnell Easily, ended in a mistrial when the
jury became deadlocked. In his second trial, a jury convicted appellant of felony
possession of over 400 grams of the controlled substance, dihydrocodeinone
(Vicodin). Appellant's conviction was enhanced by allegations of two prior felony
offenses, to which appellant pleaded true. One prior offense involved possession of
a controlled substance; the second involved possession and delivery of a controlled
substance. Out of a possible range of 25 years to life in prison as a habitual offender,
the jury assessed punishment at 99 years' incarceration. In two points of error,
appellant contends that (1) his retained trial counsel was ineffective because he did
not provide affidavit support for his motion requesting a free reporter's record from
the first trial and (2) the trial court committed constitutional error by denying
appellant a free reporter's record of his first trial. We affirm. 

Background


 Appellant was arrested as the result of an undercover sting operation. Two of
the undercover officers testified for the State at trial. A third officer had been
wounded in an unrelated incident and was unavailable to testify. One of the officers
who testified conceded that he never saw appellant with the container of
dihydrocodeinone later seized by the officers. 

 Appellant retained Peter Justin to represent him in his first trial, which ended
in a mistrial declared on July 22, 2005. Justin moved to withdraw on September 20,
2005, on the grounds that appellant was "without funds to pay for another trial." On
the same day, Justin filed an unverified motion in which he asserted that two police
officers testified at appellant's trial and requested a "record of that prior testimony to
prepare for trial" on the grounds that appellant was "without funds or resources to pay
for a record." The trial court granted Justin's motion to withdraw that same day, but
did not rule on the motion he filed to request the free record. (1)
 

 On September 28, 2005, the trial court signed an order stating that appellant
had "executed an affidavit stating that [he] is without counsel and is financially
unable to hire an attorney" and appointing Danny Easterling as counsel to represent
appellant. About a month later, on October 26, 2005, the trial court granted a request
filed by Easterling for appointment of an investigator, also on grounds of indigency,
at a cost not to exceed $750. 

 Five days later, however, on November 1, 2005, the trial court granted a motion
in which appellant requested that counsel appointed on September 28, 2005 be
permitted to withdraw and that newly retained counsel, Steven Goins, be substituted. 
Goins became appellant's trial counsel as of that date. 

 On November 29, 2005, Goins filed a motion asking that the trial court
"provide the record of previous testimony" from the first trial. Despite having been
retained, Goins stated in the motion that appellant "is indigent" and that counsel
sought to review the testimony from the first trial. The trial court's order denying the
motion reflects two handwritten notations by the trial court. The first notation states,
"No evidence presented." The second notation was, "Mr. Easily has retained counsel
& previously had retained counsel." Goins represented appellant through the end of
trial.

 Appellant filed a notice of appeal on the day the judgment was signed, and
requested and obtained appointment of appellate counsel on the grounds that he was
indigent. Appellant also obtained an order for a free record of his second trial for use
on appeal. Newly appointed counsel for appeal, Leah Borg, filed a motion for new
trial, claiming that Goins was ineffective in several respects, including the reason
presented in this appeal. No hearing on the motion was held. The trial court denied
the motion for new trial on June 23, 2006. Borg was permitted to withdraw after a
hearing ordered by this Court, and a second counsel for appeal was appointed on
September 13, 2006 and continues to represent appellant. 

 The record thus demonstrates that the trial court found that appellant was
indigent on September 28, 2005, after the first trial and before retained counsel Goins
substituted for appointed counsel, and was indigent again after the second trial. It is
undisputed, however, that appellant was represented by retained counsel Justin at his
first trial and by retained counsel Goins at his second trial. 

Indigent Defendant's Right to Free Record of First Trial


 Both of appellant's points of error concern claims that he was entitled to a free
record of his first trial. 

 Equal protection demands that the State provide an indigent criminal defendant
a transcription of testimony from a previous proceeding if it is needed for an effective
appeal or an effective defense. Britt v. North Carolina, 404 U.S. 226, 227, 92 S. Ct.
431, 433 (1971). The interest protected ensures that the trial a person obtains is not
determined by "the amount of money he has." Id., 404 U.S. at 231, 92 S. Ct. at 435
(Douglas, J., dissenting) (quoting Griffin v. Illinois, 351 U.S. 12, 19, 76 S. Ct. 585,
591 (1956)). Britt, like this case, involved a request for a free record after a mistrial. 
See id. The Supreme Court ruled that the following two factors are relevant to
determining a defendant's need: the value of the transcription in connection with the
defense and the availability of alternative devices that would fulfill the same
functions as a transcription. See id., 404 U.S. at 227, 92 S. Ct. at 433-34. 
Transcription of a prior proceeding is presumptively valuable to a defendant without
a particularized showing of need. Id., 404 U.S. at 228, 92 S. Ct. at 434. (2) If an
adequate alternative to a transcription is available to the defendant, however, then the
trial court does not err in refusing to order the State to provide a free transcription to
an indigent defendant. See id., 404 U.S. at 228-30, 92 S. Ct. at 434-35. 

 An adequate alternative was available in Britt, in which the defendant conceded
that his counsel could have asked the court reporter to read back the notes of the prior
proceeding "well in advance of the second trial." Id., 404 U.S. at 229, 92 S. Ct. at
435. Because an "informal alternative" that appeared "substantially equivalent to a
transcript" was available, the Supreme Court ruled that the trial court did not err by
denying the defendant's request for a free copy of the transcript. Id., 404 U.S. at 230,
92 S. Ct. at 435.

 In White v. State, the Court of Criminal Appeals applied, but also distinguished,
Britt when the court held that denying a continuance to allow an indigent defendant
to obtain a transcript of a prior proceeding was reversible error. 823 S.W.2d 296, 300
(Tex. Crim. App. 1992). The White court presumed that the defendant was harmed
in the absence of a showing, by the State, that the defendant did not need the
transcription from the earlier proceeding. Id. at 299-300. In reaching this
conclusion, the White court recognized a critical difference from the circumstances
of the Britt case. Id. at 299. 

 Specifically, in contrast to Britt, White did not have access to the court reporter
"well in advance of the second trial." Id. (quoting Britt, 404 U.S. at 229, 92 S. Ct. at
435) (emphasis in White). To the contrary, if a conflict in testimony arose at the
second proceeding in White, the trial court expected defense counsel "to resort to the
more cumbersome method of stopping his cross-examination and pausing while the
court reporter [found] the relevant notes and read[] back the inconsistent testimony
to the jury." Id. In White, therefore, the defendant had no access to the exact
testimony of the State's witnesses until trial. See id. Moreover, the process of
requesting that the court reporter read back the earlier testimony would apply only if
the defense independently recalled the testimony from the first trial and believed that
it conflicted with the testimony just presented. See id. Because of these cumbersome
realities and narrow time frame, the White court concluded that court-reporter
"readbacks" are not a sufficient alternative to a transcription of the actual
proceedings. Id. at 300. (3) 

 It is axiomatic, however, that a criminal defendant must be indigent in order to
be entitled to a free record of any testimony, whether of a trial that ended in a mistrial
or of a full trial for appeal. See Whitehead v. State, 130 S.W.3d 866, 873-34 (Tex.
Crim. App. 2004) (noting that rule authorizing a free record for appeal contains oath
requirement; holding that "only sworn allegations are to be considered in determining
whether a defendant is entitled to a free record") (citing Tex. R. App. P. 20.2); (4) see
also Abdnor v. State, 712 S.W.2d 136, 141-43 (Tex. Crim. App. 1986) (citing settled
law imposing duty on appellant claiming indigency as basis for obtaining free record
to exercise due diligence in asserting indigency; holding that due diligence includes
timely filing of affidavit and sustaining indigency claims in affidavit, but does not
require that defendant testify). 

 Indigency is determined when the issue is raised and not based on a prior or
future point in time. See Tuck v. State, 215 S.W.3d 411, 414-415 (Tex. Crim. App.
2007) (holding that time period for purposes of free record on appeal is determined
at time of appeal, rather than when defendant was tried); Abdnor, 712 S.W.2d at 142
(same). 

 Article 26.04 of the Code of Criminal Procedure, which governs procedures for
appointing counsel, includes procedures for determining indigency at trial. Tex.
Code Crim. Proc. Ann. art. 26.04(m) (Vernon 2006). For purposes of trial, as
opposed to appeal, article 1.051(b) of the Code of Criminal Procedure defines an
"indigent" person as "a person who is not financially able to employ counsel." Tex.
Code Crim. Proc. Ann. art. 1.051(b) (Vernon 2005). A defendant whom the trial
court has determined to be indigent "is presumed to remain indigent for the remainder
of the proceedings in the case unless a material change in [his] financial
circumstances occurs." Tex. Code Crim. Proc. Ann. art. 26.04(p).

Ineffectiveness of Counsel


 In his first point of error, appellant contends that his trial counsel was
ineffective because he did not provide an affidavit to support his motion requesting
a free transcription of the testimony from appellant's first trial. We disagree.

A. Standard of Review

 To prevail on his claim of ineffective assistance of counsel, appellant must
show that his counsel's performance was deficient, and that there is a "reasonable
probability"--one sufficient to undermine confidence in the result--that the outcome
would have been different but for his counsel's deficient performance. Ex parte
Chandler, 182 S.W.3d 350, 353-54 (Tex. Crim. App. 2005) (citing Strickland v.
Washington, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068 (1984)). The purpose of the
constitutional requirement of effective counsel is to ensure a fair trial. Id. at 353 
(citing Strickland, 466 U.S. at 686, 104 S. Ct. at 2064). The "benchmark" for
evaluating a claim of ineffectiveness, therefore, is whether counsel's conduct "so
undermined the proper functioning of the adversarial process" that one cannot rely
on the trial "as having produced a just result." Id. at 353 (citing Strickland, 466 U.S.
at 686, 104 S. Ct. at 2064). In that relatively rare instance, only, may a criminal
defendant obtain a new trial on the grounds that his attorney provided constitutionally
deficient assistance. Id. at 354. The constitutional right to counsel ensures the right
to reasonably effective counsel, but not "errorless" counsel whose competency or
accuracy of representation we may judge by hindsight. See Stafford v. State, 813
S.W.2d 503, 506 (Tex. Crim. App. 1991); Ex parte Cruz, 739 S.W.2d 53, 58 (Tex.
Crim. App. 1987). 

 To meet his burden to show that his counsel was constitutionally deficient,
appellant must establish, by a preponderance of the evidence, that his trial counsel
was not acting as "a reasonably competent attorney," and that his advice was not
"within the range of competence demanded of attorneys in criminal cases." See
Chandler, 182 S.W.3d at 354 (quoting Strickland, 466 U.S. at 687, 104 S. Ct. at
2064). Appellant must also show that counsel's constitutionally deficient
performance prejudiced his defense by demonstrating "a reasonable probability that,
but for counsel's unprofessional errors, the result of the proceeding would have been
different." See id. (citing Strickland, 466 U.S. at 694, 104 S. Ct. at 2068). 

 Under this two-pronged analytical framework, appellant must also overcome
the strong presumption that counsel's conduct fell within the wide range of
reasonable professional assistance. See id; Rylander v. State, 101 S.W.3d 107, 110
(Tex. Crim. App. 2003). In evaluating counsel's representation under a Strickland
analysis, our review is "highly deferential" because we presume that counsel's actions
"fell within the wide range of reasonable and professional assistance." Chandler, 182
S.W.3d at 354 (quoting Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002)). 
Under normal circumstances, the record on direct appeal will not be sufficient to
demonstrate that counsel's representation was so deficient and so lacking in tactical
or strategic decision-making as to overcome the presumption that counsel's conduct
was reasonable and professional. Bone, 77 S.W.3d at 833. A Strickland claim must,
therefore, be "firmly founded" in a record that "affirmatively demonstrate[s]" the
meritorious nature of the claim. Goodspeed v. State, 187 S.W.3d 390, 392 (Tex.
Crim. App. 2005). When the record on direct appeal is sufficient to prove that
counsel's performance was deficient, therefore, an appellate court "should obviously
address the claim." Robinson v. State, 16 S.W.3d 808, 813 n.7 (Tex. Crim. App.
2000).

 But, when counsel's reasons for failing to do what the defendant contends
should have been done do not appear in the record, as, for example, when trial
counsel has not been afforded an opportunity to explain his actions, we should not
find deficient performance unless the challenged conduct was "so outrageous that no
competent attorney would have engaged in it." Goodspeed, 187 S.W.3d at 392
(quoting Garcia v. State, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)). Unless
claims of ineffective assistance are clearly demonstrated of record, Goodspeed, 187
S.W.3d at 392, therefore, we normally will not speculate to find trial counsel
ineffective when the record is silent on his reasoning or strategy. See Henderson v.
State, 29 S.W.3d 616, 624 (Tex. App.--Houston [1st Dist.] 2000, pet. ref'd); Gamble
v. State, 916 S.W.2d 92, 93 (Tex. App.--Houston [1st Dist.] 1996, no pet.). 

B. Discussion

 The record of this case lacks any explanation by trial counsel as to why he did
not support his request for the free transcription of the first trial with an affidavit
demonstrating that appellant was entitled to the free transcription. Though Borg, the
first counsel appointed to represent appellant on appeal, filed a motion for new trial
contending that trial counsel was ineffective in this regard, no hearing on the motion
for new trial was held. The record reflects that the trial court considered the motion
for new trial by submission and then denied it. The record further reflects that Borg
did not obtain an affidavit from trial counsel in which he might have explained why
he did not support the request for the free transcription with the requisite sworn proof. 
Similarly, Borg did not submit an affidavit by appellant, from which a determination
could be made that he was indigent at that time. Because appellant was represented
by retained counsel Justin at the first trial and had also retained Goins for this trial,
with an intervening period of indigency of just over a month, it is possible that Goins
realized that appellant would not be able to meet the evidentiary showing required to
establish that he was indigent. See Tex. Code Crim. Proc. Ann. art. 1.051(b)
(defining "indigent" person as one "not financially able to employ counsel")
(emphasis added).

 Because we lack any explanation by counsel, we decline to conclude that he
performed deficiently by not supporting his request for a free record with the required
affidavit. To conclude that counsel was ineffective under the record presented would
require impermissible speculation concerning his reasoning or strategy. See
Henderson, 29 S.W.3d at 624; Gamble, 916 S.W.2d at 93. 

 We conclude, moreover, that the record shows that appellant has failed the first
element of the Strickland test because he has not demonstrated his trial counsel's
deficiency based solely on his not attaching an affidavit to the motion requesting a
free record from appellant's first trial. As appellant acknowledges, his counsel cross-examined both police officers whose testimony linked appellant to the offense of
possession with intent to deliver. Counsel announced to the trial court that he
intended to cross-examine the officers with their earlier testimony. In response, the
trial court instructed counsel to refer to that testimony as obtained in an earlier
"hearing," as opposed to his "first trial." As the record further demonstrates, trial
counsel stated that he had obtained the substance of each officer's testimony from the
notes taken by appellant during his first trial. 

 As in Britt, therefore, an alternative to obtaining a transcription was available,
specifically, the notes made by appellant on which trial counsel relied to cross-examine the officers. See Britt, 404 U.S. at 228-30, 92 S. Ct. at 434-35. As the
record demonstrates, trial counsel utilized that alternative and probed the testimony
of the officers in the first trial. However unsuccessful appellant deems his trial
counsel's cross-examination and impeachment of the officers, the record reflects that
meaningful cross-examination to impeach their testimony occurred. Accordingly, the
purpose behind obtaining the record of the first trial was attained, albeit from
appellant's notes. See Billie, 605 S.W.2d at 565 (on motion for reh'g) (noting that
obtaining record of State's witnesses from prior trial serves purposes of discovery and
impeachment). 

 Though the State prevailed on some of its objections to portions of trial
counsel's cross-examination and impeachment, what appellant deems his trial
counsel's lack of success, in the face of the State's objections, fails to demonstrate a
reasonable probability, "sufficient to undermine confidence in the result," that the
outcome of appellant's trial would have been different, had he obtained the
transcription. See Chandler, 182 S.W.3d at 354; Strickland, 466 U.S. at 694, 104 S.
Ct. at 2068; see also Stafford, 813 S.W.2d at 506; Cruz, 739 S.W.2d at 58 (noting that
right to effective representation by counsel does not require that counsel be
"errorless" or permit reviewing court to judge counsel's performance by hindsight). 
Accordingly, appellant has also failed to demonstrate that trial counsel's lack of an
affidavit to support and demonstrate appellant's indigency prejudiced appellant's
defense to the degree that a reasonable probability existed that the result of his trial
would have been different. See Chandler, 182 S.W.3d at 354; Strickland, 466 U.S.
at 694, 104 S. Ct. at 2068.

 We therefore hold that appellant has not satisfied either prong of the Strickland
test and overrule his first point of error. 

Denial of Free Transcription of First Trial


 In his second point of error, appellant contends that the trial judge committed
state and federal constitutional error by denying him a free reporter's record of his
first trial. Under the settled law addressed above, entitlement to a free record is
contingent on demonstrated indigency. See Whitehead, 130 S.W.3d at 874; Abdnor,
712 S.W.2d at 140; cf. Tex. R. App. P. 20.2 (referring to affidavit requirement to
support indigency claimed to support free record on appeal). The trial court
determines indigency in the exercise of its discretion and on a case-by-case basis. See
Newman v. State, 937 S.W.2d 1, 3 (Tex. Crim. App. 1996); Gray v. Robinson, 744
S.W.2d 604, 607 (Tex. Crim. App. 1988) (orig. proceeding); Abdnor, 712 S.W.2d at
142; Hornsby v. State, 65 S.W.3d 801, 802 (Tex. App.--Houston [1st Dist.] 2001, no
pet.). 

 Indigency is further determined when the issue is raised, as opposed to a prior
or future point in time. Tuck, 215 S.W.3d at 415; Gray, 744 S.W.2d at 607. Indigency
demonstrated at trial, therefore, does not establish indigency on appeal. Abdnor, 712
S.W.2d at 142; Hornsby, 65 S.W.3d at 802; see also Ramadan v. State, 89 S.W.3d
744, 746 (Tex. App.--Houston [1st Dist.] 2002, no pet.) (order of abatement)
(rejecting appellant's having retained counsel at trial as dispositive of claim of
indigency on appeal). 

 The issue of appellant's indigency was raised in this case on September 20,
2005, when retained counsel Justin filed a motion to withdraw based on appellant's
financially inability to pay for another trial, which the trial court granted, whereupon
appointed counsel Easterling assumed representation of appellant. On the same day,
Justin also filed an unsworn motion requesting a copy of the testimony from the first
trial, on the grounds that appellant was "without funds or resources to pay for a
record." A September 20, 2005 notation on Justin's latter motion reflects that the trial
court did not rule on Justin's motion. Approximately one month after appointed
counsel Easterling began to represent appellant, appellant moved the trial court to
permit Easterling to withdraw and to permit retained counsel Goins to appear and
represent appellant. Pursuant to the statutory presumption stated in article 26.04(p)
of the Code of Criminal Procedure, we may presume that appellant remained indigent
from September 28, 2005, when Easterling was appointed to represent appellant, until
November 1, when the trial court granted appellant's motion to permit Easterling to
withdraw and to permit retained counsel Goins to substitute as appellant's counsel. 
See Tex. Code Crim. Proc. Ann. art. 26.04(p). That presumption disappeared,
however, when Goins began to represent appellant as retained counsel. See id. (stating
that defendant determined to be indigent by the court "is presumed to remain indigent
. . . unless a material change" occurs in his "financial circumstances"). 

 Indigency at trial is defined in terms of a person's financial ability to employ
counsel. See Tex. Code Crim. Proc. Ann. art. 1.051(b) (defining "indigent" as "a
person financially unable to employ counsel"). A trial court has no duty to appoint
counsel when an indigent defendant has "managed to retain counsel" or "has made no
showing of indigency." Gray, 744 S.W.2d at 607. As the trial court's handwritten
notes denying retained counsel Goins's motion for a record of the first trial indicate,
in addition to being represented by retained counsel (Justin) during the first trial,
appellant was also represented by retained counsel (Goins) who filed the motion. 

 When the issue of indigency was raised, therefore, see Tuck, 215 S.W.3d at 415,
appellant was not "financially unable" to retain counsel and, therefore, by definition,
not indigent. See Tex. Code Crim. Proc. Ann. art. 1.051(b). As the trial court's "no
evidence" notation further demonstrated, the motion lacked the requisite evidentiary
showing to support a finding that appellant was indigent. See Whitehead, 130 S.W.3d
at 874; Abdnor, 712 S.W.2d at 141-42. (5)

 Based on the record and the foregoing principles, we lack any basis on which
to conclude that the trial court acted irrationally or without regard for the controlling
legal principles by denying appellant's request for a free transcription of his first trial. 
See Newman, 937 S.W.2d at 3-4; Hornsby, 65 S.W.3d at 804. We therefore conclude
that the trial court did not abuse its discretion.

 We overrule appellant's second issue.


Conclusion



 We affirm the judgment of the trial court.





 Sherry Radack

 Chief Justice


Panel consists of Chief Justice Radack and Justices Keyes and Higley.


Justice Keyes, dissenting.


Publish. Tex. R. App. P. 47.2(b).
1. A September 20, 2005 notation by the trial court on Justin's motion states, "Ct did not
rule[;] atty Justin w/drew." 

2. In contrast, an indigent defendant must show a particularized need to be entitled to a
transcription of a codefendant's trial. McKibbon v. State, 749 S.W.2d 83, 85 (Tex.
Crim. App. 1988).
3. The Court of Criminal Appeals had ruled earlier, in Billie v. State, 605 S.W.2d 558, 
565 (Tex. Crim. App. 1980) (on motion for reh'g), that an indigent defendant's right
to a free record following a mistrial extends only to the State's witnesses, because "it
is usually only that testimony that could be used for discovery and impeachment,"
unless the defendant demonstrates a particular need for transcription of other portions
of the trial. The Court of Criminal Appeals called into question this aspect of Billie
in a footnote to Cook v. State, 611 S.W.2d 83, 87 n.3 (Tex. Crim. App. [Panel Op.]
1981) ("The holding in [Billie] on rehearing is suspect in light of . . . [Britt]" and
other cases that negate any requirement that the defendant establish a "particularized
need"). 
4. Rule 20.2. pertains to "Criminal Cases" and states,


 Within the time for perfecting the appeal, an appellant who is unable to pay for the
appellate record may, by motion and affidavit, ask the trial court to have the appellate
record furnished without charge. If after hearing the motion the court finds that the
appellant cannot pay or give security for the appellate record, the court must order the
reporter to transcribe the proceedings. When the court certifies that the appellate
record has been furnished to the appellant, the reporter must be paid from the general
funds of the county in which the offense was committed, in the amount set by the trial
court.


 Tex. R. App. P. 20.2.
5. We distinguish Abdnor v. State, 712 S.W.2d 136, 142 (Tex. Crim. App. 1986), in
which the Court of Criminal Appeals concluded that a defendant's having retained
counsel is not dispositive of a claim of indigency. See also Ramadan v. State, 89
S.W.3d 744, 746 (Tex. App.--Houston [1st Dist.] 2002, no pet.) (per curiam) (same). 
Both cases concern the right of a defendant to a free record on appeal, based on
demonstrated indigency at that point in time, despite having retained counsel at trial. 
Abdnor, 712 S.W.2d at 138-39; Ramadan, 89 S.W.3d at 746.