April 24, 2015

Cathy S. Lusk, Clerk
12th Court of Appeals
Suite 354
1517 W. Front Street      12-15-00118-CR
Tyler, Texas 75702

FILED IN COURT OF APPEALS
12th Court of Appeals District

MAY - 6 2015

TYLER TEXAS
CATHY S. LUSK, CLERK

Re: Michael Lynn Eaton
    Original Application for Writ of Mandamus
From: 115th Judicial Dist. Court, Upshur County, Tx.
Cause no. 15074

Dear Court Clerk:


    Enclosed with this cover letter, please find Relators Application for Writ of Mandamus (4 pages)

    Please consider this an original application and open a file for same.

    Relator certifies that all parties subject to this application for Writ of Mandamus have been served with a copy of this application by U.S. mail.


    If you have any questions or concerns please do not hesitate to contact me at the address or phone number listed below. I thank you in advance for your time and considerations in processing my application.


Sincerely,


Michael Lynn Eaton
Relator, pro-se
1652213
Beto Unit   1391 FM 3328
Tennessee Colony, Tx. 75880
(903) 928-2217


cc: Carolyn Parrot, Upshur County District Clerk
    Deanna Drennan, Court Reporter for Upshur County
    Upshur County District Attorneys Office
    file

CAUSE NO. 12-15-00118-CR

MICHAEL LYNN EATON,                         §        IN THE 12TH COURT OF APPEALS
Relator

v.                                          §        OF THE STATE OF TEXAS

115TH DISTRICT COURT OF UPSHUR COUNTY,      §
CAROLYN PARROTT, DISTRICT CLERK,
DEANNA DRENNAN, COURT REPORTER,             §
Respondents

FILED IN COURT OF APPEALS
12th Court of Appeals District

MAY - 6 2015

elkm

TYLER TEXAS
CATHY S. LUSK, CLERK

## APPLICATION FOR WRIT OF MANDAMUS

TO THE HONORABLE JUDGES OF THE TWELFTH COURT OF APPEALS:  COMES NOW, Michael Lynn Eaton, Relator and files this Application for Writ of Mandamus directing the Respondent  sitting  Judge of the 115th Judicial District Court of Upshur County, Texas to instruct/order the Respondent District Clerk and Court Reporter to choose one  of  teh three (3) methods offered to them to provide Relator with the copies of relators Records relating to his conviction in Cause no. 15074 along with a copy of the Transcript of the Plea Hearing in this cause of action, so that Relator can prepare and perfect hiss Appeal of his conviction via an 11.07 Writ of habeas corpus.

I
JURISDICTION

The 12th Court of Appeals has exclusive and original jurisdiction over this Mandamus Petition pursuant to Art. 5§8 of the Texas Constitution and pursuant to the Texas government Code §24.007 and 24.309.

II
HISTORY OF PREVIOUS REQUESTS / EXHAUSTION OF REMEDIES

1.  On August 31, 2012, the Upshur County Clerks office referred Relator to contact the Court Reporter to request a copy of his Court Transcripts.

2.  On February 19, 2013, Relator requested a page and cost summary from the Upshur County District Clerk and Court Reporter.

3.  On March 26, 2013, Relator submitted a follow-up letter to the Upshur County District Clerk after receiving no response from either office.

4.  On April 15, 2013, the District Clerk cited a 1.00 per page cost  for copies and again referred Relator to contact the Court Reporter.

5.  On April 21, 2013, Relator submitted (again) letters to both the District Clerk and the Court Reporter requesting a page and cost summary (ie to provide the number of pages and costs per document),

6.  On May 6, 2013, Respondent, District Clerk again quoted the 1.00 per page cost but again failed to provide the page count or summary requested by Relator.  Again the Court Reporter failed to respond to Relators request.

7.  On May 22, 2013, Relator once again clearly pointed out to the District Clerk that he needed a page and cost summary and needed this "total" in order to affect a withdrawl from his Inmate Turst Fund Account.

1

8. On July 8, 2013, after further inquiry was not responded to, filed objection to the clerk and Reporter fees in motion form along with an attached affidavit of inability to pay costs (In Forma Pauperis). No response was made by either the District Clerk or the Court Reporter. The motion was not heard.

9. On December 23, 2013, after researching the options I had, prepared and submitted an application for Writ of Mandamus, including six exhibits and mailed same to the 115th District Court and sending copies to the Upshur County District Attorneys office and the District Clerk. My Mandamus was refused by the District Clerk, and thus was never heard or considered.

10. On September 26, 2014, again after additional research and consultation, and again after no responses by the District Clerk/Court Reporter or rulings by the Court, Relator again sent his "proposed" three options for the Clerk to choose from so as to provide Relator with his requested copies of Records and Transcripts. The Options were 1: A personal copy (free), 2: a copy on loan, or 3: to pay .10 per page for copies.

11. On October 14, 2014, Relator received his FIRST response from the court Reporter. The Court Reporter did not "choose" one of the three options, and provided Relator with an "estimated cost of $2,000.00" for the Court Reporters record without a page or cost summary or any page counts. The Clerk did not respond to Relators request nor choose any of the three options. It does not appear that Relators In Forma Pauperis was processed.

12. On January 8, 2015, Relator filed formal motions in the Trial Court one motion titled "Motion Requesting Preservation of Evidence" and the second titled "Motion Requesting Transcripts". Relator sent copies to the District Clerk, the Court Reporter, and to the District Attorneys Office. Relator formally requested that his motions be brought before the Court and that a HEARING be held to consider and rule upon his motions. Relator did not receive a reply from the Clerk or Court Reporter. No hearing was ever scheduled or held on his motions.

13. On March 20, 2015, Relator prepared and sent a letter directly to the Judge of the 115th Judicial District Court, the Honorable Lauren Parish, requesting that the Judge look into and inquire as to why Relator was not getting the copies necessary for his Appeal and as to what the problem was for the Clerk or Court Reporter in choosing one of the three options. No response was received from the Judge by the Relator. The Relator has heard nothing further from the Court Clerk or Court Reporter. No hearing has been held.

III
ARGUMENT AND AUTHORITIES

Pursuant to Texas government Code §52.047, it states (a) "A person may apply for a transcript of teh evidence in a case reported by an official court reporter. The person must apply for the transcript to the official court reporter. The official court reporter SHALL furnish the transcript to the person 'no later than the 120th day after the date the: 1) application for the transcript is received by the reporter; and 2) transcript fee is paid 'or the person establishes indigency as provided by rule 20 of the Texas Rules of Appellate Procedure.' Relator fully complied with TRAP Rule 20 and has submitted his application to proceed In Forma Pauperis. Relators claim of indigence has not been contested. The District Clerk appears not to have complied with TRAP Rule 20 and has not sent a copy of his

2

In Forma Pauperis to the Court Reporter (based upon her response to quote Relator a cost of $2,000.00 for his Court Records)(Id. #11 herein). Since the Respondents have not timely filed a contest to Relators In Forma Pauperis Application , Relators allegations of indigence "will be deemed true" and Relator "will be allowed to proceed without advance payment of costs". TRAP Rule 20. See also TRAP Rules 40(a)(3) and 53(j). Relator has made a prima facie showing of indigence. Hornsby v. State, 65 SW3d 801 (Tx. 2001) See also: Mcfatridge v. State, 309 SW3d 1 (TCA 2010). "An indigent criminal defendant has the constitutional right to a free appellate record in his first appeal of right" quoting Scott v. State, 80 SW3d 184 (2003). (App. 10 2003), See also: Turner v. State, 71 SW3d 928 (App. 10 2001)(USCA amend, 14) "Trial court Judge had authority to hold hearing on defendants motion for a free reporters record" TRAP Rule 20.2. quoting Sparkman v. State, 55 SW3d 625. According to Sparkman Relator must request Record from Court Reporter and request a hearing on his application. Relator has complied with both requirements. It is well settled and "there is no question that an indigent defendant is entitled to a free transcription of prior proceedings for an effective defense or appeal." quoting Lawson v. State, 896 SW2d 828 (Tx.App. 13 1995)/ See also: Britt v. North Carolina, 92 Sct. 431,433 (1971), Griffin v. Illinois, 76 Sct 585, Billie v. State, 605 SW2d 558,565 (TCA 1980), and Armour v. State, 606 SW2d 891,893 (TCA 1980).

In the case of White v. State, 828 SW2d 15 (App 8 1990) this Texas Appellate Court cited Britt where the U.S. Supreme Court identified two factors in the establishing of a need for transcripts and records. They said that 1) the value of the transcript of the former trial to the defendant in connection with the Appeal or trial for which it is sought, and 2) the availability of alternative devices that would fulfill the same function as the transcript Britt @434. Britt made it clear that it will be assumed that the transcript is of value and the "State bears the burden of disproving either of the above mentioned factors."

Appellant states for the record that he has no other means of obtaining the documents, records, and transcripts but through the Clerk and Court Reporter. Relator has provided three options to choos from to provide the documents he requests, including a reduced fee which Relator , even though he is indigent, has agreed to pay. Relator , at the least believes he has met the burden to be excused by statute from paying these fees by virtue of his affidavit of indigency. See: In re Lee Children, 36 SW3d 702 (App. 10 2001) Relator believes that the denial of his requests represents an unreasonable interference with his right to pursue hsi appeal and his access to the courts. (Tx.Const. Art 1§13), (USCA Amend. 1). See: Dallas County v. Sweitzer, 881 SW2d 757 (App. 5 1994). Relator will be filing his request for leave to Appeal with his Habeas Corpus.

## RELIEF REQUESTED / PRAYER

WHEREFORE PREMESIS CONSIDERED, Relator, Michael Lynn Eaton PRAYS that this Honorable Court of Appeal GRANT hai application for Writ of Mandamus by virtue of the facts and arguments contained herein, that they agree that Relator has no other remedy at law to compel the Trial Court to perform a ministerial function to provide him with the papers to prosecute his appeal and that this Court ORDER the Trial Court, District Clerk, and Court Reporter to choose one of three options offered by Relator and forthwith provide him with the copies he has requested.

Respectfully submitted,

Michael Lynn Eaton
Relator, Pro-se
1652213
Beto Unit    1391 FM 3328
Tennessee Colony, Tx. 75880
(903) 928-2217

### UNSWORN DECLARATION

I, Michael Eaton, do hereby swear under the penalty of perjury that the facts and statements made herein are true and correct.

Sworn and signed on this the 4 day of May ,2015,

Michael Lynn Eaton

### CERTIFICATE OF SERVICE

I, Michael Eaton, do hereby certify that I placed a copy of this "Mandamus" into a proper wrapper with sufficient pre-paid U.S. first class postage affixed, and adressed same to the parties listed here below and placed same into the available mailing system used for such legal mail.

Certified on this the 4 day of May , 2015.

Michael Lynn Eaton

SENT TO:

CATHY S. LUSK, CLERK    TWELFTH COURT OF APPEALS
SUITE 354, 1517 W. FRONT STREET,  TYLER, TEXAS  75702

CAROLYN PARROTT, DISTRICT CLERK AND DEANNA DRENNAN, COURT REPORTER
115TH JUDICIAL DISTRICT COURT OF UPSHUR COUNTY
405 E. TITUS STREET, PO BOX 1052  GILMRE, TEXAS  75644-1052

UPSHUR COUNTY DISTRICT ATTORNEYS OFFICE, 115TH JUDICIAL DISTRICT COURT
405 E. TITUS STREET, GILMER, TEXAS  75644-1052

cc: file

4