NO. PD-1272-15

| | | |
|---|---|---|
| PAUL ANTWANN HARLAN, <br> TDCJ # 1969190 <br> Petitioner, <br><br> V. <br><br> THE STATE OF TEXAS, <br> Respondent. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | IN THE <br><br> COURT OF CRIMINAL APPEALS <br><br> AUSTIN, TEXAS |

## MOTION AND AFFIDAVIT FOR A FREE REPORTER'S RECORD AND CLERK'S RECORD FOR AN APPEAL

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 11 2015

Abel Acosta, Clerk

TO THE HONORABLE JUDGES OF SAID COURT:

COMES NOW, Paul Antwann Harlan, "Defendant," pro se, and respectfully moves this Court to order the preparation of a free Reporter's Record and Clerk's Record for his appeal, pursuant to Rule 20.2 of the Texas Rules of Appellate Procedure; and for good cause shows this Honorable Court the following:

FILED IN
COURT OF CRIMINAL APPEALS

DEC 11 2015

Abel Acosta, Clerk

### I.
### BACKGROUND:

Paul Antwann Harlan was convicted of Aggravated Robbery on November 20, 2014 and was sentenced to 50 years in the Texas Department of Criminal Justice. Paul Antwann Harlan is presently confined at the French M. Robertson Unit, 12071 F.M. 3522, Abilene, Texas 79601.

### II.
### FACTS:

This motion is presented in good faith, so that Paul Antwann Harlan may obtain copies of all documents available in the Reporter's and Clerk's Records, to assist him in the preparation of his appeal. Without these records, Paul Antwann Harlan will be unable to file a meaningful appeal on Constitutional errors stemming from the record. Paul Antwann Harlan is unable to pay for or give security for the Clerk's or Reporter's Record. Paul Antwann Harlan requests that all the records be provided at no cost to the Defendant, or loaned to the Defendant at the address listed in Section (I) of this motion, in order that he may file a meaningful appeal.

# III.
## DESIGNATION OF MATTERS TO BE INCLUDED FROM REPORTER'S RECORD:

Pursuant to Texas Rules of Appellate Procedure 34.1 and 34.5, Paul Antwann Harlan requests the following matters to be included in the Clerk's Record: (1) Complaints; (2) Capias; (3) Affidavit of Indigency; (4) Correspondence and Communication between Court and counsel; (5) All motions and pleadings filed by the State or the Defendant, and not otherwise required to be included under Rule 34.5 (a), Texas Rules of Appellate Procedure; (6) All orders issued by the Court and not otherwise required to be included under Rule 34.5(a), Texas Rules of Appellate Procedure; (7) All verdict forms submitted to the judge; (8) Sentence; (9) Commitment; (10) Ruling of the Court on all written bills of exception; (11) All exhibits admitted into evidence; (12) All defense exhibits offered into evidence, but not received in evidence; (13) Those items identified in Rule 34.5(a)(1) through (11), Texas Rules of Appellate Procedure; and all other matters required by the Texas Rules of Appellate Procedure, Texas Code of Criminal Procedure, and any other law.

# IV.
## MATTERS TO BE INCLUDED IN CLERK'S RECORD:

Pursuant to Texas Rules of Appellate Procedure 34.1, Paul Antwann Harlan requests that the Court Reporter or reporters who made the record in this cause prepare a Reporter's Record, and that the testimony include in the Reporter's Record be in question and answer form. the following matters are to be included in the Reporter's Record: (1) Testimony of all witnesses heard, including questions and objections of counsel and the rulings and remarks of the Court thereon; (2) Arguments and opening and closing statements of counsel, including objections of counsel and the rulings and remarks of the Court thereon; (3) All matters heard, including pre-trial, trial and post-trial hearings, charge conferences and bench conferences, objections, rulings, and remarks of the Court thereon; (4) All bills of exception and testimony thereon, including objections of counsel, and the rulings and remarks of the Court thereon; (5) Testimony taken during sentencing proceedings, including arguments and objections of counsel, and the rulings and remarks of the Court thereon; (6) Testimony taken during Motion For New Trial proceedings, including arguments and objections of counsel, and the rulings and remarks of the Court thereon; (7) All exhibits offered or introduced into evidence; and (8) Police Reports.

# V.
## ARGUMENT:

Pursuant to Texas Rule of Appellate Procedure 20.2, within the time for perfecting the appeal, an appellant who is unable to pay for the appellate record may, by motion and affidavit, ask the trial court to have the appellate record furnished without charge. If after hearing the motion, the Court finds that the appellant cannot pay or give security for the appellate record, the Court must order the Reporter to transcribe the proceedings. When the Court certifies that the appellate record has been furnished to the appellant, the reporter must be paid from the general fund of the county in which the offense was committed, in the amount set by the trial court.

Paul Antwann Harlan makes the Court aware that his transcripts are required to file his Habeas Corpus Appeal and all federal and Supreme Court appeals. In **Blackshear**, the appeals court reasonaed that, "The State must, as a matter of equal protection, provide indigent prisoners with the basic tools of an adequate defense on appeal, when those tools are available for a price to other prisoners. Among these basic tools is a transcript of prior proceedings, when needed for an effective defense or appeal. In determining whether a defendant needs a transcript ... two factors [are taken] into account: (1) The value of the transcript to an effective defense; and (2) the availability of alternative devices that would fulfill the same functions as a transcript." **Blackshear v. State**, 342 S.W.3d 777, 781 (Tex.App. 2011); 385 S.W.3d 589 (Tex.Crim.App. 2012).

In making its determination of indigency, the Court should try to set rigid standards. The trial court must determine appellant's financial status at the time of appeal, cot at the time of trial. Unless legally bound to pay, outside sources, such as parents or relatives, may not be considered by the trial court in the determination of indigency. An appellant may not be deprived of a free record simply because the appellant was represented by retained counsel at trial. **Ramadan v. State**, 89 S.W.3d 744, 746 (Tex.App. - [1st Dist.] Houston 2002); See also **Tuck v. State**, 215 S.W.3d 411, 416 (Tex.Crim.App. 2007)(Holding that, "the reasonableness of a defendant's expenses and financial obligations must be viewed in light of the totality of his financial situation and not in isolation. The fact that a defendant's income is less than his expenses does not create an automatic presumption that his expenses are unreasonable ... A court cannot presume unreasonableness; some aspect of the record must support such a determination.").

# VI.

## - PRAYER: -

**WHEREFORE, PREMISES CONSIDERED,** Paul Antwann Harlan prays that:
(1) This Court **GRANT** this Motion And Affidavit For A Free Reporter's Record And Clerk's Record For An Appeal -or- in the alternative, (2) The COurt allows Paul Antwann Harlan to view the records through the unit law library, located at the address in Section (I) and return said record after completion of appeal; (3) In the event that the Court requires a hearing to re-determine Defendant's inability to pay the cost of the appeal, Paul Antwann Harlan requests an evidentiary hearing at which time proof of inability to pay or give security for these records can be offered.

I, **Paul Antwann Harlan, TDCJ # 1969190,** being presently incarcerated at the French M. Robertson Unit of the Texas Department of Criminal Justice in Jones County, Texas; do hereby verify and declare under penalty of perjury that the foregoing statements are both true and correct, as well as offered in good faith.

[Tex.Civ.Prac.& Rem.Code § 132.001-003 et seq./Title 28 U.S.C. § 1746]
(A signed/dated copy of this MOTION shall have the same validity as its original)
**SIGNED AND EXECUTED on this the** 4th **day of November, 2015.**

**RESPECTFULLY SUBMITTED,**

/s/ Paul Antwann Harlan

**Defendant, Pro Se**

**Paul Antwann Harlan # 1969190**
**French M. Robertson Unit**
**12071 F.M. 3522**
**Abilene, Texas 79601**
**(325) 548-9035**

## CERTIFICATE OF SERVICE:

The above signer hereby certifies that a true and correct copy of the foregoing MOTION AND AFFIDAVIT FOR A FREE REPORTER'S RECORD AND CLERK'S RECORD FOR AN APPEAL has been forwarded via 1st Class U.S. Mail. Postage Pre-Paid, to the attorney of Respondent: G. Brian Garrison at 133 N. Riverfront Blvd.; LB 19, Dallas, TX 75207 on this the 4th day of November, 2015.

Paul Antwann Harlan #1969190

| | | |
|---|---|---|
| PAUL ANTWANN HARLAN<br>TDCJ # 1969190<br>Petitioner,<br><br>V.<br><br>THE STATE OF TEXAS<br>Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§ | IN THE<br><br>COURT OF CRIMINAL APPEALS<br><br>AUSTIN, TEXAS |

## AFFIDAVIT OF INABILITY TO PAY COST

(The following declaration is made pursuant to the Texas Rules of Civil Procedure and Title 6, Chapter 132 of the Civil Practices and Remedies Code.)

NOW RESPECTFULLY COMES, Paul Antwann Harlan, TDCJ # 1969190, and declares that I am unable to pay any court costs in this APPEAL and REQUEST FOR RECORD, and request leave of Court to proceed in forma pauperis, and would further show this Honorable Court the following:

1) I am presently incarcerated at the French M. Robertson Unit of the TDCJ-CID System, where I am not permitted to earn nor handle money;

2) I have no source of income or spousal income at this time;

3) I currently have approximately $ 2.90 credited to me in the Inmate Trust Fund;

4) During my incarceration in the TDCJ-CID System, I have received approximately $ 30 per month as gifts from relatives and friends;

5) I neither own nor have an interest in any realty, stocks, or bank accounts and I receive no interest or dividend income from any other source;

6) I have -0- dependants;

7) I have total debts of approximately $ 10,000 +;

8) I owe $ 10,000 as restitution; and

9) My monthly expenses are approximately $ 20 +.

I, Paul Antwann Harlan, TDCJ # 1969190, being presently incarcerated at the French M. Robertson Unit of the Texas Department of Criminal Justice in Jones County, Texas; do hereby verify and declare under penalty of perjury that the foregoing AFFIDAVIT is both true and correct, as well as offered in good faith.

[Tex.Civ.Prac.& Rem.Code § 132.001-003 et seq./Title 28 U.S.C. § 1746]
(A signed/dated copy of this AFFIDAVIT shall have the same validity as its original)

SIGNED AND EXECUTED on this the 4th day of November, 2015.

RESPECTFULLY SUBMITTED,

/s/ Paul Antwann Harlan

Defendant, Pro Se

Paul Antwann Harlan # 1969190
French M. Robertson Unit
12071 F.M. 3522
Abilene, Texas 79601

PAUL ANTWANN HARLAN,
TDCJ # 1969190
    Petitioner,

V.

THE STATE OF TEXAS
    Respondent.

§
§
§
§
§
§
§
§
§
§

IN THE

COURT OF CRIMINAL APPEALS

AUSTIN, TEXAS

## ORDER:

    **CAME ON FOR HEARING** on this the _____ day of _____, 2015, Defendant's MOTION AND AFFIDAVIT FOR A FREE REPORTER'S RECORD AND CLERK'S RECORD FOR AN APPEAL, and it is hereby **ORDERED** of this Court that the Defendant's Motion is hereby:

**GRANTED / DENIED**

    Signed on this the _____ day of _____, 2015.

_____

           **JUDGE PRESIDING**

```
CSINIB02/CINIB02    TEXAS DEPARTMENT OF CRIMINAL JUSTICE        12/03/15
RB51/RBA2481             IN-FORMA-PAUPERIS DATA                 13:17:14
TDCJ#: 01969190 SID#: 05338974 LOCATION: ROBERTSON    INDIGENT DTE: 09/25/15
NAME: HARLAN,PAUL ANTWANN               BEGINNING PERIOD: 06/01/15
PREVIOUS TDCJ NUMBERS: 00932412
CURRENT BAL:       2.90 TOT HOLD AMT:        0.00 3MTH TOT DEP:       0.00
6MTH DEP:         30.00 6MTH AVG BAL:       11.89 6MTH AVG DEP:       5.00
MONTH HIGHEST BALANCE TOTAL DEPOSITS   MONTH HIGHEST BALANCE TOTAL DEPOSITS
11/15      2.90             0.00       08/15      25.56            0.00
10/15      2.90             0.00       07/15      30.00           30.00
09/15     25.56             0.00       06/15       0.03            0.00
PROCESS DATE   HOLD AMOUNT    HOLD DESCRIPTION
```



ROBERT BAKER
Notary Public, State of Texas
My Commission Exp 07-09-18

STATE OF TEXAS COUNTY OF _JONES_
ON THIS THE __ DAY OF _____ I CERTIFY THAT THIS DOCUMENT IS A TRUE,
COMPLETE, AND UNALTERED COPY MADE BY ME OF INFORMATION CONTAINED IN THE
COMPUTER DATABASE REGARDING THE OFFENDER'S ACCOUNT. NP SIG:
PF1-HELP PF3-END ENTER NEXT TDCJ NUMBER: _____ OR SID NUMBER: