**Frederick Clyde ARMOUR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 59897.**

Court of Criminal Appeals of Texas,
Panel No. 3.

Oct. 22, 1980.

James M. Murphy, Dallas, for appellant.

Henry Wade, Dist. Atty., Maridell Templeton and Les Eubanks, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before PHILLIPS, TOM G. DAVIS and DALLY, JJ.

OPINION

PHILLIPS, Judge.

This is an appeal from a conviction for aggravated robbery. Punishment is imprisonment for 35 years.

Appellant contends that the court erred in failing to afford him a transcription of the court reporter's notes from his former trial, which ended in a mistrial. We reverse.

Appellant's first trial in this cause extended from February 6 to February 13, 1978. It ended in a mistrial when one of the jurors confessed a prejudice against appellant. A new trial was set for March 20, 1978. On February 28, 1978, appellant filed a sworn motion for a trial transcript, alleging that he was indigent and that the transcription of the court reporter's notes was "essential to the proper preparation and handling of his defense upon retrial."

On March 22, 1978, immediately prior to the commencement of the second trial, ap-

pellant reurged his motion, and also made a motion that the cause be continued until the court reporter could be ordered to transcribe the proceedings of the former trial. Appellant informed the court that on February 28 he had presented his motion for a trial transcript to the presiding judge of the trial court, and despite repeated attempts had been unable to obtain a ruling on the motion. In support of his motion appellant urged that the transcription of the court reporter's notes from the former trial was necessary to prepare for the second trial, specifically in order to impeach two of the State's witnesses who had testified in the former trial. Appellant argued that as an indigent he was entitled to the transcription of the notes as a matter of equal protection of the law.

Despite appellant's request for a ruling, the court refused to rule on appellant's motion for a trial transcript. The court also denied appellant's motion for continuance. The record reflects the following regarding the court's actions:

THE COURT: Well, the Court takes this view of it. I don't want to deny any of you any rights but at the same time I can't see why you have to have a complete transcript of all that happened over a week's trial here within thirty days. It is almost impossible to get a transcript that fast.

You don't know when you would get this transcript, do you?

MR. MURPHY: No, sir, I do not.

THE COURT: I'm going to—I'm not going to deny your motion for a transcript but I'm going to say that I'm not going to continue your case because you don't have a transcript.

Now, this same court reporter, as I understand it, took the testimony in that case and it ought to be pretty fresh in her mind. It's been about thirty days ago and if one of these witnesses has changed their testimony all you have to do is go to this court reporter and say, "I want those notes and I may want to use you to show he said something else."

\* \* \* \* \* \*

... [Y]ou are not entitled to a motion for continuance because I'm going to make every effort to see if there's anything in that transcript that you need we are going to get it during this trial. But to just make out the whole transcript of all the testimony, I think that's a little bit too much, to require the State to do that.

\* \* \* \* \* \*

MR. MURPHY: Judge, the only thing I would request the Court to do is to either grant or deny the motion for trial transcript as I had presented to the Court.

THE COURT: Well, that's a matter that can be carried along because—we can't get it this morning.

\* \* \* \* \* \*

THE COURT: I'm going to let it just hang at the present time and not to deny it but I'm going to deny your motion for a continuance.

Although the court refused to expressly rule on appellant's motion for a trial transcript, its action in refusing to grant a continuance to enable the court reporter to transcribe her notes of the former trial amounted to a denial of appellant's request for a transcription of the notes. Furthermore, appellant filed his motion for a trial transcript in a timely fashion, almost a month before the commencement of the second trial. The record indicates that appellant's counsel presented the motion to Judge James Zimmerman, presiding judge of the trial court, and several times thereafter spoke with Judge Zimmerman about obtaining a ruling, but was unable to obtain one. The trial judge expressly refused to rule on the motion though urged to do so by counsel. Appellant brought the motion to the court's attention, and was diligent in attempting to secure a ruling on the motion. We hold that appellant has preserved his error with respect to the motion. Cf. *Martinez v. State*, 565 S.W.2d 70 (Tex.Cr. App. 1978); *Terry v. State*, 517 S.W.2d 554 (Tex.Cr.App. 1975).

At trial Robert Carnahan testified that he was robbed at gun point by appellant

and another man. Appellant attempted to impeach Carnahan on cross–examination by exposing inconsistencies with Carnahan's testimony at the former trial. On two occasions appellant asked for a sufficient length of time to review the court reporter's notes from the former trial, in order to locate inconsistent testimony. In the interest of saving time the court did not allow appellant to review the testimony immediately. Instead, the court had appellant continue cross–examining the witness. Appellant was allowed to review the reporter's notes that evening, after cessation of the trial for the day. The following day appellant called Carnahan as an adverse witness, and attempted to impeach him by having the court reporter read at length from portions of her notes of the former trial.

Appellant chiefly relies on *Britt v. North Carolina*, 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971) in support of his claim that he was entitled to a transcription of the court reporter's notes from his first trial. *Britt* stands for the proposition that:

> ... the State must, as a matter of equal protection, provide indigent prisoners with the basic tools of an adequate defense or appeal, when those tools are available for a price to other prisoners. While the outer limits of that principle are not clear, there can be no doubt that the State must provide an indigent defendant with a transcript of prior proceedings when that transcript is needed for an effective defense or appeal. [footnote omitted]

404 U.S. at 227, 92 S.Ct. at 433. See also *Mayer v. City of Chicago*, 404 U.S. 189, 92 S.Ct. 410, 30 L.Ed.2d 372 (1971); *Griffin v. Illinois*, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956). Under the authority of *Britt* this Court recently held that two indigent defendants were entitled, as a matter of equal protection, to a free copy of the transcription of the testimony of the state's witnesses from a prior trial which ended in a mistrial. *Billie v. State*, 605 S.W.2d 558 (Tex.Cr.App. 1980), Opinion on State's Motion for Rehearing.

The Supreme Court in *Britt* identified two factors relevant to the determination of need: (1) the value of the transcript of the former trial to the defendant in connection with the appeal or trial for which it is sought, and (2) the availability of alternative devices that would fulfill the same function as the transcript. Regarding the first factor, the majority in *Britt* stated:

> We agree with the dissenters that there would be serious doubts about the decision below if it rested on petitioner's failure to specify how the transcript might have been useful to him. Our cases have consistently recognized the value to a defendant of a transcript of prior proceedings, without requiring a showing of need tailored to the facts of the particular case. As Mr. Justice DOUGLAS makes clear, even in the absence of specific allegations it can ordinarily be assumed that a transcript of a prior mistrial would be valuable to the defendant in at least two ways: as a discovery device in preparation for trial, and as a tool at the trial itself for the impeachment of prosecution witnesses. [footnote omitted]

404 U.S. at 228, 92 S.Ct. at 434. Thus, the Supreme Court expressly refused to require the defendant to show a particularized need for the transcript.

Nor does the defendant have the burden of showing that alternative devices are inadequate, according to *Britt*:

> A defendant who claims the right to a free transcript does not, under our cases, bear the burden of proving inadequate such alternatives as may be suggested by the State or conjured up by a court in hindsight.

404 U.S. at 230, 92 S.Ct. at 435.

█ Predictably, state and federal courts across the nation have come to the conclusion that once a defendant claims he needs the transcription of a former trial, *Britt* requires the State to bear the burden of showing a lack of need for the transcription. See *U. S. v. Jonas*, 540 F.2d 566 (7th Cir. 1976); *U. S. v. Baker*, 523 F.2d 741 (5th Cir. 1975); *U. S. v. Acosta*, 495 F.2d 60

(10th Cir. 1974); *U. S. v. Young*, 472 F.2d 628 (6th Cir. 1972); *State v. Tomlinson*, 121 Ariz. 313, 589 P.2d 1345 (Ct.App. 1978); *People v. Hampton*, 89 Mich.App. 434, 280 N.W.2d 461 (1977); *State · v. Peterson*, 46 Ohio St.2d 425, 349 N.E.2d 308 (1976); *People v. Hosner*, 15 Cal.3d 60, 123 Cal.Rptr. 381, 538 P.2d 1141 (1975).

Although in *Billie* this Court did not explicitly hold that the State had the burden of proof regarding need, it expressly relied on the above–quoted portions of *Britt* discussing the burden of proof. In accordance with *Billie*, we now hold that the defendant's need for a transcription of the State's testimony from a former trial will be presumed, and the State has the burden of showing a lack of need if it desires to oppose the defendant's motion for a transcription of the testimony.

■ There is no showing in the record of this case that the transcription of the state's testimony from the former trial would not have been of value to appellant. Indeed, the length of the former trial and appellant's hampered attempts to impeach Carnahan, the State's chief witness, indicate that the transcription of the testimony would have been valuable to appellant.

The State argues that appellant had no need for the transcription because he was allowed access to the court reporter's shorthand notes from the former trial in order to impeach the State's witnesses. The record before us belies the State's claim. Apparently it was a lengthy process to locate, in each instance, the portion of the court reporter's notes that would serve to impeach Carnahan. As a result, the trial court. forced appellant to delay his search of the notes until after the cessation of the day's proceedings, and appellant was unable to impeach Carnahan until the following day. The true effect of the impeachment was lost.

The Supreme Court in *Britt* recognized the inadequacy of the alternative suggested by the State in the present case. It stated:

> We have repeatedly rejected the suggestion that in order to render effective assistance, counsel must have a perfect memory or keep exhaustive notes of the testimony given at trial. *Moreover, we doubt that it would suffice to provide the defendant with limited access to the court reporter during the course of the second trial.* That approach was aptly rejected as "too little and too late" in *United States ex rel. Wilson v. McMann*, 408 F.2d 896, 897 (CA2 1969). [footnote omitted] [emphasis added]

404 U.S. at 229, 92 S.Ct. at 434.

Furthermore, in *Billie*, supra, this Court rejected an alternative similar to the one suggested by the State in this case. We conclude that the procedure followed in this case did not constitute an adequate alternative, and the State has not met its burden of showing a lack of need for the transcription.

Due to the error committed, this cause must be reversed. Prior to retrial, appellant is entitled to a transcription of the testimony of the State's witnesses from his first trial.

The judgment is reversed and the cause remanded.

DALLY, J., concurs in result.