**John Doras HAMNER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09 84 068 CR.**

Court of Appeals of Texas, Beaumont.

April 24, 1985.

Rehearing Denied May 15, 1985.

Phillip Swisher, Conroe, for appellant.

Mary Ann Turner, Conroe, for appellee.

OPINION

DIES, Chief Justice.

Appellant was indicted for the offense of aggravated sexual abuse of a child, with one enhancement. Trial began on January 9, 1984, and a mistrial was granted on January 12, 1984, because the jury was deadlocked. Appellant was represented by a court-appointed counsel.

On January 17, 1984, appellant filed a motion requesting partial transcripts, requesting the court to order the court reporter to transcribe and provide to him without cost the testimony of two witnesses. Appellant alleged in the motion that such testimony was necessary "to adequately prepare for the retrial of his case," and that the appellant had previously satisfied the court as to his inability to pay the costs involved. The court denied this motion on January 19, 1984.

On January 30, 1984, the second jury trial commenced, and resulted in a conviction on February 1, 1984. The court assessed punishment at thirty years confinement in the Texas Department of Corrections. Appeal has been perfected to this court.

Appellant's sole ground of error complains of the trial court's order of January 19, 1984, denying appellant the transcription of testimony of two witnesses in the first trial. We reverse the case and remand it for a new trial.

In *Armour v. State*, 606 S.W.2d 891, 894 (Tex.Crim.App.1980), the Court was faced with the same situation. It wrote:

"Although in *Billie* [1] this Court did not explicitly hold that the State had the burden of proof regarding need, it expressly relied on the above-quoted portions of *Britt* [2] discussing the burden of proof. In accordance with *Billie*, we now hold that the defendant's need for a transcription of the State's testimony

---

1. *Billie v. State*, 605 S.W.2d 558 (Tex.Crim.App. 1980).

2. *Britt v. North Carolina*, 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971).

from a former trial will be *presumed*, and the State has the burden of showing a lack of need if it desires to oppose the defendant's motion for a transcription of the testimony." (emphasis supplied)

In the case at bar the State showed nothing.

The State's answer is that, on the hearing for a new trial following the conviction in the second trial, it was shown appellant was not indigent because he owned certain property (even though the court approved payment of the court-appointed attorney for both trials on February 24, 1984). The answer to this is that the hearing on the motion for new trial was on April 6, 1984. There is nothing in the appellate record to suggest that the trial court had any such evidence before it on January 19, 1984, when the court refused the motion for the transcription of the testimony in the first trial. He may have heard some type of evidence at the first trial, but we do not know. We sustain the appellant's ground of error.

The judgment of the trial court is reversed and the case is remanded for a new trial.

Reversed and Remanded.