Leonard Oneal DANIELS, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 05–85–00712–CR, 05–85–00713–CR.

Court of Appeals of Texas,
Dallas.

March 7, 1986.

Scott M. Anderson, Dallas, for appellant.

Kathleen A. Walsh, Asst. Dist. Atty., Dallas, for appellee.

Before STEPHENS, GUILLOT and STEWART, JJ.

GUILLOT, Justice.

Appellant appeals his convictions for aggravated sexual assault and aggravated robbery. The trial court assessed life imprisonment for the sexual assault conviction, and the jury assessed life imprisonment and a $10,000 fine for the aggravated robbery conviction. Both convictions arise out of offenses committed on November 24, 1984. For the reasons below, we affirm the convictions.

I

*Sexual Assault*

Appellant contends in his sole ground of error, as to his sexual assault conviction, that the trial court erred in failing to grant a mistrial because of the prejudicial jury argument of the prosecution, attacking defense counsel. We cannot agree.

Appellant complains of the prosecutor's argument regarding identification procedures:

PROSECUTOR: Well, it's a reasonable deduction from the evidence is [sic] that the police officer did it that way to be fair. But how was it done when the Public Defender's Office wanted to make an identification?

DEFENSE: Your Honor, I'll object to that as the State's attacking the defendant through his attorney.

The trial court sustained the defense counsel's objection and instructed the jury to disregard the statement, as requested by defense counsel. Appellant's counsel did not, however, request a mistrial at this time.

Appellant's counsel later objected to the facial expressions of the prosecutor and the way the prosecutor pronounced the name of the defense's investigator. Again, the objection was sustained and the jury was instructed to disregard. Only at this time did appellant's counsel request a mistrial.

 Appellant did not preserve any error as to the argument regarding identification procedures. In order to preserve possible error for review, appellant's counsel must object, request an instruction to disregard, and make a motion for a mistrial following *each* objectionable comment. *Koller v. State*, 518 S.W.2d 373, 378 (Tex. Crim.App.1975). Appellant received all the relief he requested at trial regarding identification procedures; nothing is presented for review. *Hunt v. State*, 511 S.W.2d 954, 956 (Tex.Crim.App.1974).

 Appellant did timely object and request a mistrial as to the improper name pronunciation. We hold that the error, if any, was cured by an instruction to disregard. *Blansett v. State*, 556 S.W.2d 322, 328 (Tex.Crim.App.1977).

II

*Aggravated Robbery*

Appellant contends in two grounds of error that the trial court erred in failing to provide him (an indigent defendant) with a free copy of the prior proceedings in the sexual assault case in order to assist appellant's counsel in cross-examination of the State's witnesses and for the purposes of pursuing appellant's plea in bar (double jeopardy claim). The State contends that the trial court properly refused to provide a copy of the statement of facts from the sexual assault trial where the appellant was charged in this case with a totally different offense requiring proof of different elements, and where the request for the statement of facts was not timely filed. We agree with the State.

Article 28.01 of the Texas Code of Criminal Procedure provides for pretrial hearings on matters including: pleadings of the defendant, special pleas, and discovery. TEX. CODE CRIM.PROC.ANN. art. 28.01 (Vernon Pamph.1986). Here, appellant requested a pretrial hearing on February 22, 1985, for matters including special pleas of the defendant and discovery matters. The trial

court granted appellant's request and set a hearing date of May 17, 1985. The defense counsel received nine days' notice of the May 17th pretrial hearing. Appellant did not, however, raise his request for a statement of facts at this hearing. Instead, he requested the statement of facts on June 3, 1985, one week prior to the trial setting of June 10, 1985, for the aggravated robbery offense.

The State contends that appellant should have requested the statement of facts within seven days of the pretrial hearing, and that absent a timely request, the court may permit the request only upon good cause shown. The State cites to article 28.01, section 2:

> Sec. 2. When a criminal case is set for such pre-trial hearing, any such preliminary matters not raised or filed seven days before the hearing will not thereafter be allowed to be raised or filed, except by permission of the court for good cause shown; provided that the defendant shall have sufficient notice of such hearing to allow him not less than 10 days in which to raise or file such preliminary matters. The record made at such pre-trial hearing, the rulings of the court and the exceptions and objections thereto shall become a part of the trial record of the case upon its merits.

TEX.CODE CRIM.PROC.ANN. art. 28.01, § 2 (Vernon Pamph.1986).

Appellant contends, however, that since he only received nine days' notice of the pretrial hearing, instead of the ten days' notice specified in section 2, he was not required to file his request for the statement of facts within seven days of the pretrial hearing. Thus, he contends that his request of June 3, 1985 was timely filed. We cannot agree.

■ Where a pretrial hearing is held, the defendant is required to file his pleadings within the time prescribed by the statute. *Postell v. State*, 693 S.W.2d 462, 465 (Tex.Crim.App.1985); and *Caeser v. State*, 624 S.W.2d 669, 671 (Tex.App.—Beaumont 1981, no pet.). Furthermore, where the defendant alleges lack of the required ten days' notice, he must show how he was injured or prejudiced by the lack of notice in order to justify reversal. *Postell*, 693 S.W.2d at 465; and *Smith v. State*, 468 S.W.2d 828, 830 (Tex.Crim.App.1971). Thus, appellant must show harm in having nine days' instead of the full ten days' notice for filing his request for a transcript. He has shown no harm or prejudice, nor has he shown good cause for his late filing.

Appellant further contends that the trial court erred in denying the transcript request because he is constitutionally guaranteed access to a transcript. Appellant cites to *Britt v. North Carolina*, 404 U.S. 226, 228, 92 S.Ct. 431, 434, 30 L.Ed.2d 400 (1971), for the proposition that he, as an indigent defendant, has a right to the basic tools of an adequate defense, including the right to a free transcript.

The Supreme Court in *Britt* held that a state must provide an indigent defendant with a transcript of prior proceedings when that transcript is needed for an effective defense or appeal. *Id.* The Supreme Court delineated two factors in determining need:

> (1) the value of the transcript to the defendant in connection with the appeal or trial for which it is sought, and
>
> (2) the availability of alternative devices that would fulfill the same functions as a transcript.

*Id.*

■ The Texas courts have followed *Britt* while also requiring that the defendant exercise due diligence in timely requesting statements of fact. *Billie v. State*, 605 S.W.2d 558, 561 (Tex.Crim.App. 1980) (*en banc*); *Jackson v. State*, 536 S.W.2d 371, 374 (Tex.Crim.App.1976); and *McCarter v. State*, 527 S.W.2d 296, 301 (Tex.Crim.App.1975). In *Armour v. State*, 606 S.W.2d 891, 894 (Tex.Crim.App.1980), the court of criminal appeals followed its earlier *Billie* opinion, while holding that the defendant's need for a transcript of the *State's testimony* from a *former* trial will be presumed, and that the State has the

burden of showing a lack of need if it desires to oppose it.

The case at bar is clearly distinguishable from *Armour* and the above-cited authorities. In all of the above-cited cases, the defendant received a *mistrial* in his first trial and then requested a transcript of the first trial in preparing his defense for a later trial on the *same offense*. Here, appellant was tried and found guilty of aggravated sexual assault in the first trial. He contends that the trial court erred in denying him a transcript from the sexual assault trial, that was necessary in preparing his defense for the aggravated robbery trial. While some testimony may have overlapped in both trials, the State was required to prove different elements for each offense. Thus, we distinguish the present case from *Armour* and will not presume need of the transcript by defendant. Instead, we apply the two-pronged test of *Britt*.

■ In applying *Britt*, we have already determined that the value of the transcript to the defendant is not as great as in the case of a mistrial and retrial. Here, the appellant was tried for two different offenses requiring proof of different elements. The only significant overlap of evidence is that both offenses require proof of the use or threat of force. *See*, TEX.PE-NAL CODE ANN. §§ 22.021, 29.03 (Vernon Supp.1986).

We further find that appellant had alternative devices available for obtaining the same information as in the transcript. In fact, appellant made use of these alternatives. Appellant filed discovery motions on February 22, 1985, which were granted by the trial court on March 25, 1985. The motions included:

(1) A motion for the production of grand jury minutes to be examined by the defendant, and where needed at trial, for the court to retire and examine the minutes in camera after each government witness testified in order to impeach State's witnesses, discover prior inconsistent statements, test the credibility of the State's wit-

nesses, and test the recollection of State's witnesses;

(2) A motion for the prosecution to list all witnesses it planned to call at trial;

(3) A motion for the production of witnesses' statements or reports, and time for the defense counsel to review the statements and cross-examine the witnesses before such statements were admitted into evidence; and

(4) A motion for the State to reveal any agreements with witnesses that could influence the testimony of the witnesses.

We also note that the same attorney represented appellant in both trials. Further, the two trials were before the same judge, and were within three months of each other. Although we would not require an attorney to rely exclusively on his memory or trial notes to prepare for a later trial, in this case we hold that appellant had available and had, in fact, utilized extensive discovery as an alternative to a transcript. *See, Britt*, 404 U.S. at 229, 92 S.Ct. at 434–35.

Furthermore, we hold that appellant did not exercise due diligence in requesting a transcript. Appellant could have requested a transcript at the time he requested discovery in February or at any time prior to or during the pretrial hearing. The pretrial hearing was held on May 17, 1985, but appellant did not request the transcript until June 3, 1985, one week prior to trial and three weeks after the hearing.

Applying *Britt* and the Texas authorities, we hold that the transcript was not significantly valuable to appellant; that appellant had alternative means of obtaining and did obtain the same information; and that appellant did not exercise due diligence in requesting the transcript. Thus, we hold that the trial court did not abuse its discretion in denying the transcript.

■ Appellant contends in his second ground of error that he needed the transcript to aid in his plea in bar claim—dou-

**536**

ble jeopardy. We addressed this contention above. Further, we find no merit to appellant's plea in bar. The carving doctrine has been abandoned in Texas. *Ex parte McWilliams*, 634 S.W.2d 815, 823 (Tex.Crim.App.1980) *(en banc )*. Therefore, we hold that the trial court did not abuse its discretion in denying appellant's request for a transcript based upon appellant's plea in bar.

Affirm the judgments of the trial court.