McCORMICK, P.J., and CAMPBELL and WHITE, JJ., dissent.

**Curtis Ray WHITE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–90–00020–CR.**

Court of Appeals of Texas, El Paso.

Sept. 19, 1990.

Rehearing Overruled Oct. 24, 1990.

Discretionary Review Granted March 20, 1992.

**16**

David C. Guaderrama, El Paso, for White.

Steve W. Simmons, Dist. Atty., El Paso, for the State.

Before OSBORN, C.J., and WOODARD and KOEHLER, JJ.

## OPINION

KOEHLER, Justice.

This is an appeal from a conviction for the offense of delivery of cocaine in an amount less than twenty-eight grams. The court assessed punishment at twenty-five years' imprisonment. We reform and affirm.

In Points of Error Nos. One and Two, the Appellant asserts that the court erred in overruling his request for a transcription of the State's witnesses' testimony from a prior trial and erred in overruling the Appellant's motion for continuance in order to obtain the transcriptions. The Appellant's prior trial on this cause ended in a mistrial being declared on November 17, 1989, a Friday. The case was set for retrial on the following Tuesday, November 21, 1989. On Monday morning, the Appellant filed a request to obtain transcriptions of the testimony of three of the four State's witnesses. The requested testimony constituted two and one-quarter hours of testimony, including recesses. The Appellant, upon learning that the court reporter was ill that day, filed a motion for continuance on Monday afternoon. The court, in denying these motions, ordered the court reporter to make herself available to the Appellant for readbacks of the witnesses' testimony should the need arise at trial. At trial on Tuesday, the Appellant reurged his motions and defense counsel testified that the transcriptions were needed to refresh his memory to facilitate his impeachment of the State's witnesses. All parties, court personnel, and witnesses were the same in both proceedings.

At trial, the State utilized the testimony of four witnesses—three undercover narcotics officers and a chemist. Two male officers acted as backup for a female officer who actually made the drug transaction with the Appellant from the car she was driving.

Indigent defendants are entitled, as a matter of equal protection, to a free copy of the transcription of the State's

witnesses from a prior trial which ended in mistrial. *Britt v. North Carolina*, 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971); *Billie v. State*, 605 S.W.2d 558 (Tex.Crim.App.1980); *Armour v. State*, 606 S.W.2d 891 (Tex.Crim.App.1980). The State must provide an indigent defendant with a transcript of prior proceedings when that transcript is needed for an effective defense or appeal. *Britt*, 404 U.S. at 227, 92 S.Ct. at 433, 30 L.Ed.2d at 403. In *Britt*, the Supreme Court identified two factors in establishing need: (1) the value of the transcript of the former trial to the defendant in connection with the appeal or trial for which it is sought, and (2) the availability of alternative devices that would fulfill the same function as the transcript. 404 U.S. at 227, 92 S.Ct. at 434, 30 L.Ed.2d at 403. However, it was made clear in *Britt* and its federal and state progeny, that it will be assumed that the transcript is of value and the State bears the burden of disproving either of the above-mentioned factors.

 The State contends that the Appellant failed to demonstrate that the Appellant was indigent and that the motion requesting the transcriptions were not timely filed. With regard to the first contention, we find that the record adequately demonstrates that the Appellant was indigent. Further, the same attorney for the Public Defender's Office represented the Appellant in both trials and it is difficult to perceive that the court was not aware of the Appellant's indigent status. With regard to the timeliness of the Appellant's motion, we find that, given the time limitations brought about by the date set for the retrial, the Appellant acted in a timely fashion and with due diligence.

The court, in denying the Appellant's motions, stated that if a matter came up which required the Appellant to read the prior testimony of the witnesses, a recess would be called and the Appellant would have access to the court reporter. The State maintains that this procedure provided an alternative device which fulfilled the same function as the transcript.

In *Britt*, 404 U.S. at 226, 92 S.Ct. at 433, the Supreme Court stated that it was doubtful that this procedure would suffice in lieu of the transcriptions. While the Supreme Court held that the petitioner in that case was entitled to the transcription, it affirmed the case because the trials took place in a small town where the court reporter was a good friend of all the lawyers in town and would have willingly read back the notes of the mistrial well in advance of the second trial. In *Billie*, 605 S.W.2d 558, the indigent defendant requested a transcription of the prior trial. The Court of Criminal Appeals stated that the defendant was entitled to the transcriptions but stated that the defendant was only entitled to the testimony of the State's witnesses. In *Billie*, the defendant's counsel attempted to impeach the complainant utilizing his own notes taken during the initial trial. Finally, the State entered into a stipulation with regard to three inconsistencies. The Court reasoned that this procedure was inadequate because there was no viable way of knowing just how many more inconsistencies existed for impeachment purposes. 605 S.W.2d at 560.

In *Armour*, 606 S.W.2d 891, the trial court allowed access to the court reporter's shorthand notes of the former trial in order to impeach the State's witnesses. The Court noted that the record indicated that the former trial was lengthy and the Appellant had been hampered in his impeachment efforts by the lengthy process in locating the necessary testimony. As a result, the trial court forced the defendant to delay his search of the notes until the end of the day and the defendant was unable to impeach the witness involved until the next day. The Court held that this procedure did not constitute an adequate alternative to a transcription of the witness's testimony. 606 S.W.2d at 894.

 It is clear from the above cited authority that the method of reading back a witness's testimony during trial for impeachment purposes will not generally suffice. However, in the present case, the situation is much different from the factual situations in those cases. This was a very short trial. The three pertinent witnesses testified to a single drug transaction which

took place very quickly. The testimony of each witness was of short duration. The trial occurred four days after the initial trial. All parties, witnesses and court personnel were the same. The Appellant was able to impeach the witnesses through their witness statements and he did not request any readbacks from the court reporter. It is difficult to perceive, given the limited range of the testimony, that there was anymore impeachment available. While the Appellant was entitled to the transcriptions upon his initial request, we find from a review of the record that the Appellant did not suffer harm. Points of Error Nos. One and Two are overruled.

In Point of Error No. Three, the Appellant argues that the judgment and sentence are in error. At the punishment hearing, the court found the habitualization allegations to be untrue. The judgment and sentence reflect that the Appellant was convicted as a habitual offender. The judgment and sentence will be reformed to strike out any reference to the erroneous habitual status. Point of Error No. Three is overruled.

The judgment of the trial court is reformed to remove any reference to the habitualization allegations and, as reformed, is affirmed.