

# NUMBER 13-07-00699-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

MIGUEL HINOJOSA,                                                      Appellant,

v.

THE STATE OF TEXAS,                                                  Appellee.

## On appeal from the 357th District Court
## of Cameron County, Texas.

# MEMORANDUM OPINION ON REHEARING

### Before Chief Justice Valdez and Justices Rodriguez and Garza
### Memorandum Opinion Per Curiam

Appellant, Miguel Hinojosa, was convicted of illegally investing funds to possess

marihuana, a felony, and was sentenced to thirty-nine years in prison with a $100,000 fine.[1]

---

[1] This Court reversed Hinojosa's conviction and remanded for a new trial, concluding that the trial court erred in allowing the State to amend the indictment on the date of the trial. *Hinojosa v. State*, 875 S.W.2d 339, 342 (Tex. App.–Corpus Christi 1994, no pet.). After the second trial, Hinojosa was sentenced to ten years' imprisonment.

Hinojosa appears to take issue with a discrepancy pertaining to his sentence. Hinojosa alleges that

*See Hinojosa v. State*, 875 S.W.2d 339, 339-40 (Tex. App.–Corpus Christi 1994, no pet.) (citing TEX. HEALTH & SAFETY CODE ANN. §§ 481.121 (Vernon 2003)). Hinojosa subsequently attempted to appeal an order issued by the trial court on August 15, 2007.[2] *See Hinojosa v. State*, No. 13-07-00699-CR, 2008 Tex. App. LEXIS 5118, at *1 (Tex. App.–Corpus Christi July 10, 2008, no pet.) (per curiam) (mem. op., not designated for publication). After notifying Hinojosa of various defects associated with his notice of appeal of which Hinojosa ignored, we dismissed the matter on July 10, 2008. *Id.* We concluded that (1) the order from which Hinojosa appealed was not an appealable order, and (2) Hinojosa failed to timely file and cure defects in his notice of appeal. *Id.*

On July 25, 2008, Hinojosa, while represented by appointed counsel, Philip T. Cowen, filed a pro se motion for rehearing.[3] On August 13, 2008, Cowen filed a "MOTION TO DISMISS FOR LACK OF JURISDICTION, AND MOTION FOR LEAVE TO FILE FOR REHEARING FOR THE PURPOSES [sic] OF DISMISSAL FOR LACK OF JURISDICTION" on Hinojosa's behalf. In this motion, Cowen explains that Hinojosa's "appeal" was really a post-conviction writ of habeas corpus which deprived this Court of jurisdiction. Cowen

---

the Westlaw Texas Criminal History database indicates that he received a thirty-nine year sentence, which does not correspond to the ten-year sentence imposed by the trial court after the second trial. Hinojosa asserts that this discrepancy amounts to an "impediment or burden limiting" his "physical liberty." However, Hinojosa states that "[t]he error in the TDCJ-ID system . . . is not one for this Court to correct, nor over which this Court has jurisdiction to correct." This statement supports our conclusion that Hinojosa's "appeal" is really a post-conviction writ of habeas corpus.

[2] The trial court's August 15, 2007 order was not made a part of the record before us.

[3] We may not consider the arguments made by Hinojosa in his pro se motion for rehearing because Hinojosa is not entitled to hybrid representation. *See Scheanette v. State*, 144 S.W.3d 503, 505 n.2 (Tex. Crim. App. 2004) (holding that a party neither has a right to hybrid representation nor a constitutional right to represent himself on direct appeal); *Landers v. State*, 550 S.W.2d 272, 278 (Tex. Crim. App. 1977); *see also Latchie v. State*, No. 13-06-00233-CR, 2007 Tex. App. LEXIS 6127, at *8 n.2 (Tex. App.–Corpus Christi Aug. 2, 2007, pet. dism'd) (mem. op., not designated for publication). As such, we DENY Hinojosa's pro se motion for rehearing.

2

further explains that Hinojosa's main contention in his "appeal" is that he desires a copy of the "transcript and documents relating to the commencement of his charges and subsequent indictment" so that "he can use this in an appropriate proceeding to substantiate his perjury allegations and to hopefully thus set aside his conviction." We construe Hinojosa's "appeal" as a post-conviction writ of habeas corpus, *see* TEX. CODE CRIM. PROC. ANN. art. 11.01 (Vernon 2005) ("The writ of habeas corpus is the remedy to be used when any person is restrained in his liberty."), and we GRANT Hinojosa's motion to dismiss for lack of jurisdiction and motion for leave to file rehearing for the purposes of dismissal for lack of jurisdiction.

## I. APPLICABLE LAW

This Court's habeas corpus jurisdiction is appellate only; we have no jurisdiction to issue writs of habeas corpus in criminal matters. *Denby v. State*, 627 S.W.3d 435, 435 (Tex. App.–Houston [1st Dist.] 1981, orig. proceeding) (per curiam). The power to issue writs of habeas corpus in criminal matters is expressly reserved to the Court of Criminal Appeals, the District Courts, the County Courts, and any judge of such courts. TEX. CODE CRIM. PROC. ANN. art. 11.05 (Vernon 2005). Moreover, the Court of Criminal Appeals has sole jurisdiction to grant post-conviction habeas corpus relief from a final felony conviction. *Id.* art. 11.07 (Vernon Supp. 2007); *Board of Pardons & Paroles ex rel. Keene v. Eighth Court of Appeals*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995). Thus, we have neither original habeas corpus jurisdiction in criminal cases nor post-conviction habeas corpus jurisdiction in felony cases. *See Dodson v. State*, 988 S.W.2d 833, 835 (Tex. App.–San Antonio 1999, no pet.); *see also In re Basquez*, No. 13-07-222-CR, 2007 Tex. App. LEXIS 2825, at **1-2 n.2 (Tex. App.–Corpus Christi Apr. 10, 2007, orig. proceeding) (per curiam)

3

(mem. op., not designated for publication).

## II. DISCUSSION

In his August 13, 2008 motion, Hinojosa argues that he believed that perjured testimony was proffered at the grand jury proceedings. As such, he requests a copy of the "transcript and documents relating to the commencement of his charges and subsequent indictment" so that "he can use this in an appropriate proceeding to substantiate his perjury allegations and to hopefully thus set aside his conviction."

As a matter of constitutional equal protection, an indigent criminal defendant is entitled to a free transcript of prior proceedings when that transcript is needed for an effective defense or appeal. *Britt v. North Carolina*, 404 U.S. 226, 227 (1971); *see Armour v. State*, 606 S.W.2d 891, 893-94 (Tex. Crim. App. [Panel Op.] 1980); *see also Escobar v. State*, 880 S.W.2d 782, 783 (Tex. App.–Houston [1st Dist.] 1993, no pet.). However, an indigent criminal defendant is not entitled to a free transcription of prior proceedings for use in pursuing post-conviction habeas relief. *In re Trevino*, 79 S.W.3d 794, 796 (Tex. App.–Corpus Christi 2002, orig. proceeding); *see In re Coronado*, 980 S.W.2d 691, 693 (Tex. App.–San Antonio 1998, orig. proceeding) (requiring an indigent criminal defendant to show that the habeas corpus action is not frivolous and there is a specific need for the records sought); *Escobar v. State*, 880 S.W.2d 782, 783 (Tex. App.–Houston [1st Dist.] 1993, no pet.) (citing *United States v. MacCollom*, 426 U.S. 317, 322-23 (1976)); *see also In re Evans*, No. 13-08-00151-CR, 2008 Tex. App. LEXIS 4799, at *2 (Tex. App.–Corpus Christi June 26, 2008, orig. proceeding) (per curiam) (mem. op., not designated for publication). Therefore, Hinojosa is not entitled to a free transcription of prior proceedings for use in pursuing his post-conviction habeas relief.

Because Hinojosa's complaint arises from a post-conviction felony habeas proceeding and because this Court does not have jurisdiction to entertain such a proceeding, Hinojosa's complaint should be directed to the Court of Criminal Appeals. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a); *see also Ex parte Garcia*, 988 S.W.2d 240 (Tex. Crim. App. 1999). We GRANT Hinojosa's motion to dismiss for lack of jurisdiction and motion for leave to file rehearing for the purposes of dismissal for lack of jurisdiction, and we DENY Hinojosa's pro se motion for rehearing.

Accordingly, the appeal is hereby DISMISSED FOR LACK OF JURISDICTION.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).
Memorandum Opinion on Rehearing delivered
and filed this the 4th day of December, 2008.