81,958-04,

EVIDENTIARY HEARING REQUESTED OF THE HONORABLE COURT

Ex Part
Sean Weisner, Applicant

DATE 3-19-15

RE: CAUSE NO. W10-58692-H(A)
W10-58626-H(A)

MOTION TO OBTAIN DOCUMENTS AND TRIAL RECORDS IN FORMA PAUPERIS

DEAR DISTRICT CLERK:

PLEASE FILE-COPY AND BRING TO THE ATTENTION OF THE Crim Court Appeals JUDICIAL DISTRICT COURT. ALSO, PLEASE RETURN CERTIFICATE OF SERVICE FILE-DATE-STAMPED MARK.

YOUR ASSISTANCE IS GREATLY APPRECIATED.

SINCERELY,

Sean Weisner

Evidentiary Hearing Requested

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 20 2015

Abel Acosta, Clerk

C.C. (COPY)

MOTION DENIED
DATE: 4-2-15
BY: PC

CAUSE NO. W10-58626-H (A)
CAUSE NO. W10-58692-A (A)

Ex Parte Sean Weisner          §          IN THE Court of Criminal Appeals JUDICAL

VS.                            §          DISTRICT COURT OF

THE STATE OF TEXAS            §          _____ COUNTY, TEXAS

MOTION TO OBTAIN DOCUMENTS AND TRIAL RECORDS IN FORMA PAUPERIS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Sean Weisner , PRO SE DEFENDANT IN THIS SAID AND NUMBERED CAUSE, RESPECTFULLY REQUESTS THIS COURT TO HEAR THIS MOTION TO OBTAIN DOCUMENTS AND TRIAL RECORDS TO ENABLE DEFENDANT FOR HIS PREPARATION OF FILING HIS MOTION FOR NEWLY DISCOVERED EVIDENCE, ARTICLE 40.001, PROCESS AND WILL SHOW THIS COURT THE FOLLOWING IN PURSUIT OF HIS DUE PROCESS:

I.

JURISDICTION OF THE COURT IS INVOKED PPURSUANT TO VERNON'S ANNOTED TEXAS GOVERNMENT CODES; § 552.203 AND § 552.223 RULES OF THE TEXAS GOVERNMENT RULES OF PRACTICE IN DISTRICT AND COUNTY COURT'S; ARTICLE § 40.01 ET. SEQ. OF THE TEXAS CODE OF CRIMINAL PROCEDURES; THE PRIVACY ACT U.S.C.A. 552(B) OF THE TEXAS OPEN RECORDS ACT (TORA); AND RULES 34.5, 34.6 AND 53(1); (2) OF THE TEXAS RULES OF APPELLATE PROCEDURE AND ALL CASES CITED INFRA.

II.

PETITONER IS CURRENTLY CONFINED AND RESTRAINED ILLEGALLY OF HIS LIBERTY IN THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE-INSTITUTIONAL DIVISION PURSUANT 'TO A JUDGEMENT OF CONVICTION IN THE ABOVE NUMBERED CAUSE. PETITIONER IS A PAUPER WITHOUT ADEQUATE FUNDS TO PURCHASE HIS TRIAL RECORDS, AND OTHER REQUESTED DOCUMENTS, AND IS ENTITLED TO AN EVIDENTARY HEARING TO DETERMINE HIS "INDIGENCY" BEFORE THIS HONORABLE COURT.

## III.

PETITIONER HAS EXHAUSTED HIS STATE REMEDIES AS REQUIRED PURSUANT TO ARTICLE 40.001, NEWLY DISCOVERED EVIDENCE. PETITIONERS TIME HAS EXPIRED TO FILE A PRE-DISCRETIONARY REVIEW AND THE COURT ISSUED A MANDATE ON THE CAUSE SOME TIME AFTER. THE PETITIONER NOW FILES THIS MOTION FOR HIS RECORDS IN ORDER TO PREPARE AND FILE ARTICLE 40.001, NEWLY DISCOVERED EVIDENCE, TO A HIGHER COURT. PETITIONER IS ENTITLED TO FILE MOTION FOR NEWLY DISCOVERED EVIDENCE, PURSUANT TO ARTICLE 40.001 V.A.C.C.P., AND BRINGS THIS MOTION BEFORE THE HONORABLE COURT FOR HIS RECORDS. PETITIONER HAS STATED AND WILL DECLARE IN THIS MOTION, THAT HE IS "INDIGENT" AND SEEKS THESE RECORDS IN FORMA PAUPERIS THROUGH THIS COURT. THE RECORDS MUST BE AFFORDED AT NO COST TO PETITIONER IN THIS CAUSE.

SEE. ABNOR V. STATE, 712 S.W. 2d 136, 140 (1986)

CRAUDER V. STATE, 933 S.W. 2d 273, 275 (1996)

SNOKE V. STATE, 780 S.W. 2d 212 (1989)

EVITTS V. LUCEY, 464 U.S. 387; 105 S.CT. 830; 83L.Ed. 821 (1985)

GRIFFIN V. ILLINOIS, 365 U.S. 12; 76 S.CT. 585; 100 L.Ed.2d (1956)

MEYER V. CHICAGE, 404 U.S. 189; 92 S.CT. 410; 30 L.Ed. 2d 892 (1963).

TO IMPOSE A FINANCIAL BURDEN UPON AN INDIGENT PRISONER OF THE STATE OF TEXAS FOR THE EXERCISE OF A STATE AND FEDERAL RIGHT TO SUE FOR HIS LIBERTY IS TO DENY THAT PRISONER OF HIS STATE AND FEDERAL CONSTITUTIONAL RIGHTS OF EQUAL PROTECTION OF THE LAWS, AND IS A [DIRECT] VIOLATION OF HIS "FOURTEENTH AMENDMENT," U.S.C.A. (14).

IN ABNOR V. STATE, AT 140... THE SUPREME COURT OF APPEALS FOR TEXAS HELD THAT:

"...ONCE AVENUE OF PAAELLATE REVIEW ARE ESTABLISHED THEY [MUST] BE KEPT FREE OF UNREASONED DISTINCTIONS, THAT CAN ONLY [IM]PEDE OPEN AND EQUAL ACCESS TO THE COURTS"...

IN GRIFFIN V. ILLINOIS, SUPRA., THE COURT CLEARLY STATED:

"...THERE CAN BE [NO] EQUAL JUSTICE WHERE THE KIND OF TRIAL A MAN GETS DEPENDS ON THE AMOUNT OF MONEY HE HAS."

IN LANE V. BROWN, SUPRA., THE SUPREME COURT [RE]AFFIRMED THE FUNDAMENTAL PRINCIPLE OF GREEN, SUPRA BY STATING:

"...DESTITUDE DEFENDANTS [MUST] BE AFFORDED AS ADEQUATE APPELLATE REVIEW AS DEFENDANTS WHOM HAVE MONEY TO BUY THEIR TRIAL TRANSCRIPTS AND RECORDS . "

IN SMITH V. BENNET, SUPRA., THE COURT FURTHER NOTED:

"...THESE PRINCIPLES ARE NOT LIMITED TO DIRECT APPEALS FROM CRIMINAL CONVICTIONS BUT EXTEND ALIKE TO "POST-CONVICTIONS AS WELL..."

PETITIONER CONTENDS THE NEED FOR HIS TRIAL TRANSCRIPTS ENTITLED TO HIM THE SAME, AND SAID RECORDS ARE IMPERATIVE TO PRESENT HIS CASE IN LIGHT MOST FAVORABLE TO HIS CAUSE. WITHOUT THESE RECORDS HE CANNOT PROVE HIS INNOCENCE TO A HIGHER COURT.

PETITIONER IS ENTITLED TO THE EQUAL PROTECTIONS AND DUE PROCESS OF LAW WHICH PROTECTS AND REQUIRES THE STATE TO FURNISH AN INDIGENT PRISONER SUCH RECORDS WITHOUT CHARGE.

SEE. UNITED STATES V. GLESS, 317 F.2d 200 (1963)

THE FOURTEENTH AMENDMENTS DUE PROCESS GUARANTEE OF FUNDAMENTAL FAIRNESS, REQUIRES THE STATE TO PROVIDE A CRIMINAL DEFENDANT WITH THE OPPORTUNITY TO PARTICIPATE MEANINGFULLY IN A JUDICIAL PROCEEDING IN WHICH HIS LIBERTY IS AT STAKE.

SEE. AKER V. OKLAHOMA, 470 U.S. at 76; 105 S.CT. 1098

ALSO, THE SUPREME COURT CLEARLY STATED:

"...IT IS A CRIMINAL DEFENDANTS ACCESS TO HIS RECORDS WHICH MAKES [ANY] APPELLATE REVIEW MEANINGFUL..."

SEE. GARNER V. CALIFORNIA, 89 S.CT. at 581 (1969)

ACCORDINGLEY, THERE CAN BE NO DOUBT THAT THE STATE [MUST] PROVIDE THE TRIAL TRANSCRIPTS FOR AN EFFECTIVE DEFENSE. THE COURT HEAVILY EMPHASIZED IN GRIFFIN:

"...THE HOLDINGS IN THE LINE OF CASES BEGIN WITH GRIFFIN, 351, U.S. 12 (1956), INVOLVING A CRIMINAL DEFENDANTS RIGHTS OF ACCESS TO A TRIAL TRANSCRIPT, AND ARE FIRMLY [ROOTED] IN BOTH THE DUE PROCESS AND THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT..."

SEE ALSO, EVITTS V. LUCEY, SUPRA, at 830, (CRIMINAL DEFENDANT HAS A CONSTITUTIONAL RIGHT TO A FREE TRIAL TRANSCRIPT TO PETITION THE SUPREME COURT) "...ld, at 830..." SEE ALSO, BUNDY V. WILSON, 815 F.2d 125.130-31 (1987); ALLEN V. DUCKWORTH, 6 F.3D 458 (1993), (STATE IS NOT PERMITTED WITH ONE TO GRANT SUCH RIGHT, AND WITH THE OTHER HAND... [TAKE] IT AWAY IN AN ARBITRARY FASHION)...

THE COURT HAS THE DUTY UNDER VERNONS ANNOTED TEXAS GOVERNMENT CODE'S 552.203 AND 552.223, TO DUTIFULLY ACT UPON AN APPLICATION FOR PUBLIC RECORDS. THE COURT OF CRIMINAL APPEALS WARRANTED, "IT IS A DIRECT VIOLATION OF AN INDIGENT DEFENDANT'S RIGHTS AS AFFORDED BY THIS STATE'S LAW OF CONSTITUTION, AND THE UNITED STATES CONSTITUTION, TO [WITHHOLD] THE TRIAL TRANSCRIPTS AND THE STATEMENT OF FACTS, WHEREIN A PRISONER HAS DUTIFULLY SHOWN HIS INDIGENCY TO THE COURTS." SEE. WHITE V. STATE, 828 S.W.2d 15, 17 (TEX.APP. EL PASO 1990)(RELYING ON BRITTON V. NORTH CAROLINA, 404 U.S. 226, 92 S.CT. 430-31, L.Ed.2d 400 (1971).

IN MCBEE V. STATE, 711 S.W.2d at 257 (TEX.CRIM.APP. 1986), THE COURT OF CRIMINAL APPEALS STATES: "...THE LANGUAGE IS [M]ANDATORY, IF THE DEFENDANT IS FOUND TO BE INDIGENT, THE TRIAL COURT IS BOUND TO "FURNISH" SAID RECORDS WITHOUT COST..." (CITING BRITTON), AND THAT... "IT IS A STATE AND FEDERAL PROGENCY, AND IT IS ASSSUMED THAT THE RECORDS [WILL] BE MADE AVAILABLE TO THE DEFENDANT...AND...THE STATE BEARS THE [BURDEN] OF [DIS]PROVING THE VALUE...OR ANY OTHER ALTERNATIVES..." SEE, UNITED STATES V. LOGING, 601 F.2d 2055 (1979); RUSH V. U.S, 5559 F.2d 455 (1977).

PETITIONER HAS A VESTED RIGHT AND A LIBERTY INTEREST IN THIS CAUSE. IT IS A "MINISTERIAL"; ACT AND DUTY OF THE COURT [MUST] RECOGNIZE ITS DUTY TO ACT ACCORDINGLY.

WADE V. MAYS, 689 S.W.2d 893 (1985);

BARONOWSKI V. TEDFORD, C.A. NO H-90-330, HOUSTON (1994);

BRADY V. MARYLAND, 373 U.S. 83 (1963).

PETITIONER, IS AN INDIGENT PRISONER OF THE STATE OF TEXAS. HE WAS FOUND TO BE INDIGENT BY THIS COURT IN CAUSE NO. W10-S8626-H(A) W116-S8692-H(A), AND PETITIONER'S INDIGENT STATUS HAS NOT CHANGED. SEE PETITIONER'S DECLARATION OF INABILITY TO PAY COST HERETO ATTACHED TO MOTION AND TEXAS DEPARTMENT OF CRIMINAL JUSTICE IN-FORMA PAUPERIS DATA REGARDING PETITIONERS, TRUST FUND ACCOUNT.

THE STATE AND FEDERAL LAWS ARE UNEQUIVOCALLY CLEAR THAT THE PETITIONER IN THIS CAUSE IS ENTITLED TO TRIAL TRANSCRIPTS AND REQUESTED RECORDS. THEREFORE, WITH RESPECT TO THE FOREGOING, AND THE FOLLOWING, PETITIONER WILL RESPECTFULLY SHOW THIS HONORABLE COURT WHICH RECORDS ARE ESSENTIAL IN ORDER FOR HIM TO ADEQUATELY CONSTRUCT A MEANINGFUL MOTION FOR NEWLY DISCOVERED EVIDENCE IN SUIT FOR HIS LIBERTY IN THIS CAUSE.

## LIST OF REQUESTED DOCUMENTS

1. INDICTMENTS

2. GRAND JURY MINUTES

3. DOCKET SHEETS

4. ALL SEARCH WARRANTS IN THIS CAUSE

5. TRIAL TRANSCRIPTS

6. STATEMENT OF FACTS

7. CLERKS RECORDS

8. ALL ARREST RECORDS

9. ALL APPLICATIONS FOR SUBPOENAS

10. JURY VOIR DIRE

11. NAMES OF ALL WITNESSES

12. ALL WITNESS STATEMENTS

13. ALL POLICE REPORTS USED AT ANY STAGE OF PROCEEDING HOWEVER TENTATIVE

14. ALL EXCULPATORY EVIDENCE IN THIS CAUSE

15. ALL STATES EXHIBITS USED IN THIS CAUSE

16. ALL DEFENSE EXHIBITS USED IN THIS CAUSE

17. ORDERS APPOINTING COUNSELS AND DATE THEREOF

18. ANY MEDICAL TESTING OR OPINIONS OF THE DEFENDANT IN THIS CAUSE

19. ALL MOTIONS FILED BY THE STATE IN THIS CAUSE

20. ALL MOTIONS FILED BY THE DEFENSE IN THIS CAUSE

21. RECORD OF ALL PRE-TRIAL HEARINGS IN THIS CAUSE

22. COURT'S RULING ON ALL PRE-TRIAL HEARINGS

23. CHARGE OF GUILD/INNOCENCE

24. CHARGE OF PUNISHMENT

25. JUDGEMENT OF CONVICTION

26. ANY PLEA OFFERS BY THE STATE IN THIS CAUSE

27. DEFENDANTS MOTION FOR NEW TRIAL

28. DEFENDANTS NOTICE OF APPEAL

29. DESIGNATION OF RECORD OF APPEAL

30. ANY DEALS OR AGREEMENTS BETWEEN THE STATE AND ANY WITNESS IN THIS CUASE

31. ANY RELEVANT RECORD IN THE STATE'S POSSESSION OR CLERKS POSSESSION

SAID RECORDS ARE IN THE POSSESSION OF THE COURT REPORTER AND THE CLERK OF THE _____ DISTRICT COURT OF AND FOR

## PRAYER

WHEREFORE, PREMISES CONSIDERED, PETITIONER RESPECTFULLY MOVES THE HONORABLE COURT TO GRANT THIS MOTION IN ALL REGARDS, WHICH WILL ENABLE HIM TO PREPARE IN SUIT OF HIS LIBERTY.

PETITIONER RESERVES THE RIGHT TO FILE MOTION FOR NEWLY DISCOVERED EVIDENCE IN THE TRIAL COURT.

RESPECTFULLY SUBMITTED,

_Dean Wellner_ 3-17-15

```
CSINIB02/CINIB02      TEXAS DEPARTMENT OF CRIMINAL JUSTICE          03/17/15
ST55/LS00069                IN-FORMA-PAUPERIS DATA                  08:32:56
TDCJ#: 01718500 SID#: 05679724 LOCATION: STILES          INDIGENT DTE:
NAME: WEISNER, SEAN                    BEGINNING PERIOD: 08/01/14
PREVIOUS TDCJ NUMBERS:
CURRENT BAL:        48.59 TOT HOLD AMT:       0.00 3MTH TOT DEP:      50.00
6MTH DEP:           50.00 6MTH AVG BAL:       2.07 6MTH AVG DEP:       8.33
MONTH HIGHEST BALANCE TOTAL DEPOSITS    MONTH HIGHEST BALANCE TOTAL DEPOSITS
01/15      25.06              0.00      10/14      0.06              0.00
12/14      50.06             50.00      09/14      0.06              0.00
11/14       0.06              0.00      08/14      0.06              0.00
PROCESS DATE   HOLD AMOUNT    HOLD DESCRIPTION
```

STATE OF TEXAS, COUNTY OF Jefferson
ON THIS THE 12th DAY OF march ___, __, I CERTIFY THAT THIS DOCUMENT IS A TRUE,
COMPLETE, AND UNALTERED COPY MADE BY ME OF INFORMATION CONTAINED IN THE
COMPUTER DATABASE REGARDING THE OFFENDER'S ACCOUNT. NP SIG:
PF1-HELP PF3-END ENTER NEXT TDCJ NUMBER: 1718500 OR SID NUMBER: _____



STEPHANIE LUTE
Notary Public, State of Texas
My Commission Expires
03/03/2018
Notary without Bond