May 22, 2015

FILED IN COURT OF APPEALS
12th Court of Appeals District

MAY 2 9 2015

TYLER, TEXAS
CATHY S. LUSK, CLERK

Katrina McClenny
Chief Deputy Clerk
12th Court of Appeals
1517 W. Front Street, Suite 354
Tyler, Texas  75702

RE: Case No. 12-15-00118-CR    "Application for Writ of MANDAMUS"
STYLE: Michael Lynn Eaton v. 115th Dist. Court of Upshur County, Et.Al.
From Trial Cause No. 15074

Dear Court Clerk:

Enclosed please find the information you requested from me to supplement my "Application for Writ of MANDAMUS" :

-    Table of Contents, pursuant to TRAP 52.3(b) (1page) (pg.# i)
-    Index of Authorities, pursuant to TRAP 52.3(c) (1page) (pg.# ii)
-    Appendix, pursuant to TRAP 52.3(k) (1page) (pg.# x)
-    Designation of the Record, pursuant to TRAP 52.7 : please find Relators "Motion Requesting Designation of the Record" (1page)
-    Relator has also included a "Statement of the Case" in the Appendix (pg.# x)

In an exercise of caution, Relator wishes to state clearly that he is pursuing the Application for Writ of Mandamus" to obtain records and transcripts from the Trial Court so he can prepare and file an Appeal under §11.07 Code of Criminal Proceedure, and that this Application is NOT his Appeal, but a request for this Court to ORDER the Trial Court Clerk and Courtt Reporter to choose a method to provide Relator with copies of his Court records and transcripts.

Should you have any questions or need further information from me, please do not hesitate to contact me.  I thank you in advance for your time and considerations.

Respectfully,

Michael Lynn Eaton

CERTIFICATE OF SERVICE

I, Michael Lynn Eaton, do hereby certify that I placed the original and/or copies of the information and documents listed above into a proper wrapper  and affixed sufficient pre-paid US first class postage to same, and did address same to the parties listed below and placed  same  into the available mailing system

on this the  22 day of  May    ,2015.

Michael Lynn Eaton, Relator
1652213
Beto Unit , 1391 FM 3328
Tennessee Colony, Tx. 75880
(903) 928-2217

CATHY S. LUSK, CLERK  12TH COURT OF APPEALS
1517 W. FRONT ST., STE 354 Tyler, Texas 75702

CAROLYN PARROTT, DIST.CLERK & DEANNA DRENNAN, COURT REPORTER
115TH DISTRICT COURT OF UPSHUR COUNTY, 405 E.TITUS ST. GILMORE, Texas 75644-1052

UPSHUR COUNTY DISTRICT ATTORNEYS OFFICE, 405 E.Titus St. Gilmore, Texas 75644-1052
CC: file

## TABLE OF CONTENTS

TABLE OF CONTENTS  –  –  –  –  –  –  –  –  –  –  –  –  –  –      i

INDEX OF AUTHORITIES  –  –  –  –  –  –  –  –  –  –  –  –  –      ii

COVER LETTER TO 12TH COURT OF APPEALS  –  –  –  –  –  –  –  –  –

TITLE: "APPLICATION FOR WRIT OF MANDAMUS"  –  –  –  –  –  –  –  –      1

JURISDICTION [ I ]  –  –  –  –  –  –  , –  –  –  –  –  –  –      1

HISTORY OF PREVIOUS REQUESTS / EXHAUSTION OF REMEDIES [ II ]  –  –  –      1,2

ARGUMENT  AND  AUTHORITIES  [ III ]  –  –  –  –  –  –  –  –  –  –      2,3

PRAYER / RELIEF REQUESTED  –  –  –  –  –  –  –  –  –  –  –  –      4

UNSWORN DECLARATION  –  –  –  –  –  –  –  –  –  –  –  –  –      4

CERTIFICATE OF SERVICE  –  –  –  –  –  –  –  –  –  –  –  –      4

APPENDIX  –  –  –  –  –  –  –  –  –  –  –  –  –  –  –  –      x

CAUSE NO. 12-15-00118-CR

INDEX OF AUTHORITIES

PAGE

Armour v. State, 606 SW2d 891,893 (TCA 1980)                    3
Billie v. State, 605 SW2d 558,565 (TCA 1980)                   3
Britt v. North Carolina, 92 Sct. 431,433 (1971)               3
Dallas County v. Sweitzer, 881 SW2d 757 (App. 5 1994)         3
Griffin v. Illinois, 76 Sct. 585                              3
Hornsby v. State, 65 SW3d 801 (Tx. 2001)                      3
In Re Lee Children, 36 SW3d 702 (App. 10 2001)                3
Lawson v. State, 896 SW2d 828 (App. 13 1995)                  3
McFatridge v. State, 309 SW3d 1 (TCA 2010)                    3
Sparkman v. State, 55 SW3d 625                                3
Turner v. State 71 SW3d 928 (App. 10 2001)                    3
White v. State, 828 SW2d 15 (App. 8 1990)                     3


TEXAS RULES OF APPELLATE PROCEEDURE

TRAP RULE 20                                                  2,3
trap rule 20.2                                                3
TRAP RULE 40(a)(3)  - (See 40.2)                             3
TRAP RULE 53(j)                                              3


TEXAS CONSTITUTION

1 § 13                                                        3

UNITED STATES CONSTITUTION

U.S.C.A. AMEND. 1                                             3

## APPENDIX

TRAP RULE 20.2 :

..."An Appellant who is unable to pa7y for the Appellate Record may, by motion and affidavit, ask the trial court to have the appellate record furnished without charge. If after hearing the motion the court finds that the appellant cannot pay or give security for the appellate record, the court MUST order the reporter to transcribe the proceedings..." ..."the reporter MUST be paid from the central funds of the County in which the offense was committed, in the amount set by the trial court..."

## SPECIAL NOTATION

"Due to Relators lack of resources and having no access to photo copying machines, fax machines, or any electronic or physical means in which to make and attach the documents which he has filed with the Trial court without sending the originals (his only copy), Relator designates all of his filings (see: II - of Relators Application for Writ of Mandamus, pgs 1-2, (1-13)- which are all on file with the District Clerk of the 115th District Court of Upshur County. Relator attaches his "motion to designate the reocrd on Appeal" pursuant to TRAP Rule 34.1

ATTACHMENTS: - 1 : "Motion Requesting Designation of the Reocrd" ( 1 page)

## STATEMENT OF THE CASE

Relator, Michael Lynn Eaton, files this "Application for Writ of mandamus" because the Respondents have failed to adhere to TRAP 20 (20.1 & 20.2) to provide Relator with a copy of his Court Records and Transcripts, where such documents are necessary for him to prepare and file an Appeal pursuant to §11.07 Code of Criminal Procedure. Respondents have failed to hold a hearing on his Motions filed on 7-8-2013 and 1-8-2015 in direct violation of TRAP 20.2; failed to hold a hearing on his mandamus filed 12-13-2013 in the trial court; and have failed to choose one of three methods to provide Relator with the copies he has been requesting now for over $2\frac{1}{2}$ years, in blatent violation of Relators rights under the US and Texas Constitutions.